■ ELBERT WILSON, Respondent, v INTERNATIONAL OCEAN TRANSPORT CORP. et al., Appellants.—Order, Supreme Court, New York County, entered on January 9, 1980, unanimously reversed, in the exercise of discretion, and the motion of defendants-appellants for dismissal on the ground of *forum non conveniens* granted, with costs, on condition that, within 20 days after service of the order entered hereon, defendants-appellants shall stipulate to the acceptance of service of process in an action in the State of Texas seeking the same relief as in the instant action and shall waive any defense in the State of Texas based on limitation of time which may have accrued subsequent to commencement of this action; if not so stipulated, the order appealed from is affirmed, with costs. Plaintiff, a resident of the State of Texas, was injured on a vessel owned and managed by defendants while the vessel was docked in a Texas port. Plaintiff underwent substantial medical treatment, including surgery, in Texas. None of the proposed key witnesses for either party is a resident of the forum State. Additionally, defendants are neither incorporated in New York nor have their principal places of business here. The only alleged nexus between this action and New York is that defendants have an office and place of business here, and are licensed to do business in New York. In analyzing the competing interests of all the parties to this action, it is abundantly clear that there is no substantial nexus with New York, thus rendering it an inconvenient forum. It also matters little that the vessel's records, which plaintiff-respondent alleges are necessary to prosecute this action, are located in a city closer to New York than to Texas. Plaintiff will be little inconvenienced by relegating this matter to the courts of his home State, the site of the accident. Concur— Murphy, P. J., Sandler, Ross, Silverman and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 26, 1979, convicting defendant of manslaughter in the first degree and sentencing him to an indeterminate term of 7 to 21 years, reversed, on the law, the motion to suppress granted, and the matter remanded for a new trial. By order of this court dated June 26, 1980, this appeal was held in abeyance pending a further *Huntley* hearing to determine whether inculpatory statements by the defendant after a felony complaint had been filed against him were made in the absence of counsel who in fact represented him. After the directed hearing, the trial court found that "the credible evidence established that appellant was not represented by counsel at his interrogation on May 16, 1980 and that the People completely failed to sustain their burden of proof beyond a reasonable doubt on the issue directed by the Appellate Division." With commendable candor, the District Attorney concedes the correctness of these, findings. The conviction is accordingly reversed, and the case remanded for a new trial. Concur— Sandler, J. P., Sullivan, Silverman and Carro, JJ.