OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and defendant’s motion to dismiss the complaint granted.
The complaint against defendant National Car Rental should have been dismissed on defendant’s motion for failure to state a cause of action under the law of Vermont. There is no basis on this record for choosing New York’s law over that of Vermont, the site of the accident, for determining the question whether an owner is vicariously liable for the negligence of a driver operating a car with the owner’s consent. Plaintiff and her husband, the driver *991 whose negligence caused the accident, were both British citizens. The car was registered in Michigan to defendant, a Minnesota corporation doing business in New York. The car was rented in Montreal for return four days later to defendant’s New York City office. The contacts with New York are minimal. Moreover, plaintiff identifies no significant interest of New York in imposing on this owner vicarious liability for an injury when neither the injured party, the place of accident, nor the automobile have any connection with this State (cf. Neumeier v Kuehner, 31 NY2d 121).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.