■ MADELINE BLAIS et al., Individually and as Parents and Natural Guardians of CELINE BLAIS et al., Infants, Respondents, v ALDEN DEYO, JR., Appellant, et al., Defendant. (And One Other Appeal.) — Appeals (1) from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered April 12, 1982 in Clinton County, which denied defendant Alden Deyo, Jr.'s motion to dismiss on the ground of *forum non conveniens;* and (2) from an order of the Supreme Court at Special Term (Crangle, J.), entered October 1, 1982 in Clinton County, which granted defendant Deyo's motion to dismiss the complaint as against him on the ground that, under Quebec law, plaintiffs failed to state a cause of action. Plaintiffs Madeline and Normand Blais, individually and as natural guardians and parents of Celine and Malaine Blais, all residents of the Province of Quebec, Canada, commmenced this action following a motor vehicle accident which occurred on July 6, 1981, in Quebec, Canada. Plaintiffs allege, *inter alia,* that Madeline, Celine, and Malaine were injured while passengers in a car registered in New York, operated by Louise Deyo, who was killed in the accident, and owned by defendant Alden Deyo, Jr., who were residents of New York; that defendant negligently equipped his vehicle and negligently permitted an inexperienced and unsafe driver, viz., Louise, to operate it; and that the right rear tire of the vehicle failed and caused it to cross the center line and collide with another vehicle. Plaintiffs seek damages for their injuries. Thereafter, defendant Alden Deyo, Jr. (hereinafter referred to as defendant), moved to dismiss on the ground of *forum non conveniens.* This motion was denied and defendant commenced the first of two appeals herein (Appeal No. 1). During the pendency of this appeal, defendant moved to

dismiss pursuant to CPLR 3211 on the ground that under the substantive law of Quebec, plaintiffs failed to state a cause of action. Special Term granted this motion and plaintiffs appealed therefrom (Appeal No. 2). We first turn to the issue of whether Special Term erred in denying defendant's motion to dismiss on the ground of *forum non conveniens*. In this regard, defendant contends that there is no substantial nexus between plaintiffs' causes of action and New York, that plaintiffs' action could be brought in Quebec, and, accordingly, Special Term abused its discretion in denying his motion. We agree. The application of the doctrine of *forum non conveniens*: "should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties" (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361; see, also, CPLR 317; Siegel, New York Practice, § 28, pp 27-29). And, in tort cases, the plaintiff must demonstrate "that special circumstances warrant the retention of the action in. New York" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 301:4, p 15; CPLR 327:1, p 219 [cum. supp.]). Plaintiffs have failed to demonstrate any such circumstances. The accident occurred in Quebec, where plaintiffs are residents. Plaintiffs have not rebutted defendant's attorney's affidavit, wherein it is stated that any witnesses to the accident reside in Quebec, any accident investigation reports are located in Quebec, any medical reports and/or doctors are located in Quebec, and the driver of the second car is a Quebec resident. Such circumstances render the contacts of the action with New York slight, notwithstanding defendant's residence in New York (see *Epstein v Sirivejkul,* 64 AD2d 216, affd 48 NY2d 738). Further, as discussed *infra,* Quebec law should be applied in this case and a Quebec court would be better equipped than a New York court to apply its own laws (see *ACLI Int. v E.D. & F. Man* [*Coffee*], 76 AD2d 635, 643-644). With these facts prevailing, it is our opinion that Special Term abused its discretion by denying defendant's motion. Since we are of the view that Quebec is a more fair and just forum for this action, we reverse and grant defendant's motion upon the condition that defendant accept service of process in Quebec. The decision to dismiss on the ground of *forum non conveniens* renders academic the appeal ' from Special Term's decision granting defendant's motion to dismiss on the ground that, under Quebec law, plaintiffs failed to state a cause of action. Nevertheless, since the underlying issue, i.e., whether Quebec law applies to this action, is a consideration in the determination of defendant's motion to dismiss on the ground of *forum non conveniens,* we shall consider the issue presented insofar as it is pertinent to resolution of the *forum non conveniens* issue. Special Term held that Quebec law applied to this action because Quebec's interests in this case outweighed those of New York. Specifically, Special Term determined that New York's interest in preventing the wrongdoing alleged, improperly equipping the auto and granting permission to use the vehicle to an unsafe driver, was secondary to Quebec's interest in enforcing its statutory no-fault provisions because New York's policy of permitting unlimited recovery for negligence personal injury actions would not be frustrated by limiting plaintiffs' recovery to that amount prescribed in Quebec, the place of plaintiffs' residence. We agree. The approach used in resolving choice-of-law issues in tort cases is the "grouping of contacts" or "center of gravity" approach (see, e.g., *Miller v Miller,* 22 NY2d 12, 15-16; *Babcock v Jackson,* 12 NY2d 473, 477-482; see, also, 19 NY Jur 2d, Conflicts of Laws, § 41, pp 624-627). Under this approach: "the law of the jurisdiction having the greatest interest in the litigation will be applied and * * * the facts or contacts which obtain signifi-

cance in defining State interests are those which relate to the purpose of the particular law in conflict" (*Miller v Miller, supra,* pp 15-16). The law in conflict herein is Quebec's statutory no-fault provision which limits the amount a person injured in an auto accident can recover (Quebec Rev Stat, ch 68, Automobile Insurance Act, §§ 4, 44), and New York's policy of unlimited recovery in negligence personal injury actions. It is submitted that Quebec has a more substantial interest than New York in the compensation of plaintiffs, residents of Quebec, when the accident occurred in Quebec (cf. *Croft v National Car Rental,* 56 NY2d 989, 990-991; *Neumeier v Kuehner,* 31 NY2d 121). New York may have an interest in preventing the wrongdoing alleged but, because plaintiffs could recover under the Quebec statute without proof of fault, Quebec's interest is greater. Therefore, Quebec law applies. Order in Appeal No. 1 reversed, on the law and the facts, with costs, and motion to dismiss complaint granted upon conditions that defendant Deyo accept service of process in Quebec, and that defendant not raise any possible defense based upon the Statute of Limitations. Appeal No. 2 dismissed, without costs, as academic. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.