■ In the Matter of PATRICIA C. WILLIAMS, Respondent, v RICHARD P. WILLIAMS, Appellant. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered August 18, 1982, which, *inter alia,* denied respondent's application for a downward modification of a prior support order. Following a hearing, Family Court, by order dated February 4, 1981, directed respondent to pay $125 per week for the support of his former wife and infant child. Subsequently, on or about July 14, 1982, respondent applied to Family Court for a downward modification of the prior award. After conducting a hearing, Family Court denied the motion and the present appeal ensued. On appeal, respondent argues that Family Court's refusal to modify its prior order was unreasonable and inequitable. A review of the record fails to support this contention and, accordingly, the order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.

■ MADELINE BLAIS et al., Individually and as Parents and Natural Guardians of CELINE BLAIS et al., Infants, Respondents, v ALDEN DEYO, JR., Defendant, and FIRESTONE TIRE & RUBBER COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered December 8, 1982 in Clinton County, which denied a motion by defendant Firestone Tire & Rubber Company to dismiss the complaint on the ground of *forum non conveniens.* This court has previously considered an identical motion made by another defendant in this action. The facts and circumstances surrounding the accident in question are amply set forth in our previous decision reversing Special Term's denial to dismiss the complaint on the ground of *forum non conveniens (Blais v Deyo,* 92 AD2d 998, affd 60 NY2d 679). In the previous appeal, the motion was made by the owner of one of the vehicles involved in the accident whereas here the motion is made by defendant Firestone Tire & Rubber Company. The complaint against Firestone is based on products liability and tort, alleging that the accident was the result of the blowout of a tire on defendant Deyo's vehicle. Firestone's motion to dismiss was denied by Special Term and this appeal ensued. The additional facts, not pertinent in the other appeal, that Firestone does business in New York and that the tire was purchased here, do not, in our view, amount to a substantial nexus to justify denying the application of the doctrine of *forum non conveniens.* We add that Firestone also does business in Quebec and has agreed to waive the Quebec Statute of Limitations and defendant Deyo has agreed to submit to Quebec jurisdiction. There must be a reversal (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356; *Blais v Deyo, supra*). Order reversed, on the law and the facts, motion granted and complaint dismissed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.