■ GEORGE NEVADER, as Administrator of the Estate of AGNES NEVADER, Deceased, Respondent, v ALDEN DEYO, JR., Individually and as Administrator of the Estate of LOUISE M. DEYO, Deceased, et al., Appellants. — Main, J. P. Appeal from an order of the Supreme Court at Special Term (Dier, J). entered July 11, 1984 in Clinton County, which denied defendants' motions to dismiss the complaint on the ground of forum non conveniens.

We first note that two other actions arising from the same *accident* as at bar were commenced in Supreme Court and were previously before this court (*see, Blais v Deyo,* 97 AD2d 613; *Blais v Deyo,* 92 AD2d 998; *affd* 60 NY2d 679). A third action was commenced in Federal District Court (*see, Deyo v Firestone*

*Tire & Rubber Co.,* US Dist Ct, NDNY, Jan. 27, 1984, McCurn, J.). While most of the essential facts are set forth therein, resolution of the issues at bar necessitates consideration of some additional facts.

This tragic two-car accident occurred near the hamlet of Blaise, Province of Quebec, Canada, on July 6, 1981. One of the vehicles involved was owned by defendant Alden Deyo, Jr., and was being operated by his wife, Louise, who died of injuries received in the accident. Both Mr. and Mrs. Deyo were New York residents and the Deyo vehicle was insured and registered and had been inspected in this State. Mrs. Deyo and plaintiff's intestate, Agnes Nevader, also a New York resident, had driven to Canada for an outing and to visit friends and had planned to return to their respective homes that evening. At about 1:00 P.M., Mrs. Deyo, with Nevader, Madeline Blais, Melanie Blais and Celine Blais as passengers, was driving in a southerly direction on Route 223 in Blaise, Quebec. Approaching them, traveling northerly, was a vehicle owned and being operated by Gilles Bergeron. Shortly before the vehicles would have passed in the normal course of events, the Deyo vehicle veered into Bergeron's lane of travel and the cars collided head-on. Nevader was pronounced dead on arrival at a nearby hospital and her husband, as administrator of her estate, brought this action against Mr. Deyo, individually and as administrator of his wife's estate, and the Firestone Tire and Rubber Company (Firestone). In brief, the complaint alleges that Mrs. Deyo was negligent in the operation of her husband's vehicle, which negligence is imputed to her husband; that Mr. Deyo was negligent in permitting his wife, an inexperienced operator, to drive the car; and that he negligently equipped the vehicle with a patently worn and defective tire manufactured by Firestone. Causes of action against Firestone for negligence and in violation of its duties under the doctrine of strict products liability are also asserted. Defendants made similar but separate motions to dismiss the action upon the ground of forum non conveniens. Special Term denied the motions, thus giving rise to this appeal.

Defendants contend that the accident occurred in the Province of Quebec and that many, if not most, of the witnesses are Quebec residents and, therefore, not subject to the jurisdiction of the New York courts. They also point out that the production of hospital and police reports cannot be compelled; that Bergeron is not subject to New York's jurisdiction; that the tortious conduct complained of all took place in Quebec; and the existence of other trial difficulties. Lastly, they call attention to the fact that plaintiff, though a nonresident, has applied pursuant to Quebec

law for and been granted compensation in the form of a pension from the Regie (Automobile Insurance Act of Quebec §§ 3, 4, 8, 36-43), which he will continue to receive for the rest of his life. Thus, defendants contend that the failure to dismiss the suit at bar would pave the way for a double recovery. For all of these reasons, they maintain that a reversal of Special Term's order is mandated.

The former rigid and inflexible rule which prohibited the doctrine of forum non conveniens from being invoked if one of the parties was a New York resident has been relaxed and the Court of Appeals has decreed that application of the doctrine "should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties" (*Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361; *accord, Islamic Republic v Pahlavi,* 62 NY2d 474, *cert denied __ US __,* 105 S Ct 783). CPLR 327 (a) represents the codification of that rule. Consequently, the application of the doctrine is left to the sound discretion of the court and calls for consideration of many factors, of which an important one, if not a dispositive factor, is the residence of the party choosing the forum. Plaintiff and Mr. Deyo are New York residents and Firestone does business in New York, which distinguishes this case from earlier cited cases arising from this accident (*Blais v Deyo,* 97 AD2d 613, *supra; Blais v Deyo,* 92 AD2d 998, *supra*). As to other factors, contrary to defendants' assertions, not all of the alleged tortious conduct took place in Quebec. The allegedly defective tire was not purchased, manufactured or affixed in Quebec. Several of the prospective witnesses, including one eyewitness, are New York residents and it is not disputed that several witnesses from Quebec have indicated a willingness to submit to New York's jurisdiction. The site of the selected forum is but a short drive for the Quebec residents and no insurmountable problems for the conduct of the trial are apparent.

Furthermore, contrary to the urging of defendants, our previous decisions in cases arising from this same accident (*Blais v Deyo,* 97 AD2d 613, *supra; Blais v Deyo,* 92 AD2d 998, *supra*) present no obstacle to our concluding that an affirmance is required, for we are here concerned with different parties and additional facts. The same can be said of the Federal court decision in *Deyo v Firestone Tire & Rubber Co. (supra).* While it is true that plaintiff has received and is receiving benefits under *the* 1977 Quebec Automobile Insurance Act, the Regie, where it compensates a victim of an automobile accident, is subrogated in the victim's rights to the extent that it has paid benefits to the victim and is entitled to recover benefits paid (1977 Quebec

Automobile Insurance Act § 9 ch 1). Hence, an affirmance would not necessarily provide a double recovery.

It cannot be denied that the factors relied upon by defendants are important considerations (*see, Wilson v International Ocean Transp. Corp.,* 78 AD2d 623; *Epstein v Sirivejkul,* 64 AD2d 216, *affd* 48 NY2d 738). However, these factors do not dictate dismissal when weighed against the other factors to be considered where, as here, plaintiff has established a substantial nexus with New York, i.e., two of the parties reside in New York and the other does business throughout the State; some of the tortious conduct complained of took place in New York; and the trip planned, began and was to conclude in New York. Moreover, plaintiff chose New York as the forum and there exists a presumption that New York residents are entitled to use its judicial system, a presumption which defendants have not overcome (*Broida v Bancroft,* 103 AD2d 88, 92). Our consideration of all of the relevant factors, with the object of obtaining a just, fair and convenient result in clear focus, leads us to conclude that Special Term's order must be affirmed.

Lastly, we conclude that the law of New York should apply. Resolution of choice-in-law issues in tort cases involves the "grouping of contacts" or "center of gravity" approach (*Miller v Miller,* 22 NY2d 12, 15-16; *Babcock v Jackson,* 12 NY2d 473, 477-482). The law of the jurisdiction having the greatest interest in the litigation will be applied (*Miller v Miller, supra*). New York surely has the greater contacts, it being the residence of the parties and the place where the automobile is insured and registered (*see, Macey v Rozbicki,* 18 NY2d 289, 295 [Keating, J., concurring]). Add to this the fact that the trip was planned, started and was to end in New York, and there is surely a fair basis to establish that New York law should apply (*cf. Neumeier v Kuehner,* 31 NY2d 121; *Tooker v Lopez,* 24 NY2d 569).

Quebec's interest in this litigation is minimal at best while New York's interest is exceedingly strong (NY Const, art I, § 16; *see also, Rosenthal v Warren,* 475 F2d 438, 443, *cert denied* 414 US 856). Inasmuch as New York has at least the paramount interest and the most significant contacts, its law should be applied.

We find no abuse of discretion on the part of Special Term and the order should be affirmed.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.