■ JODI MOSCHERA, Respondent, v GLENN MURACA, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered January 19, 1988, which denied his motion pursuant to CPLR 327 to dismiss the action on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs.

We find that the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to dismiss the action on the ground of forum non conveniens.

The plaintiff commenced the instant action against the defendant to recover damages for personal injuries she sustained in a two-car accident which occurred in Nevada. At the time of the accident, the plaintiff and two residents of this State were passengers in the motor vehicle driven by the defendant. The fact that the cause of action arose in Nevada and that the operator of the other vehicle, who resides in Nevada, is not subject to the jurisdiction of the New York courts does not dictate dismissal when weighed against the other factors to be considered (see, Nevader v Deyo, 111 AD2d 548). The record shows that the plaintiff, her witnesses, and the defendant are all residents of New York. Furthermore, most of plaintiff's medical treatment was received in this State. Aside from the operator of the other vehicle, the defendant has failed to identify any nonparty eyewitness who resides in Nevada and who would be inconvenienced by a trial in New York. The plaintiff "chose New York as the forum and there exists a presumption that New York residents are entitled to use its judicial system, a presumption which [the defendant has] not overcome" (Nevader v Deyo, supra, at 551). Considering all of the relevant factors, the order denying the defendant's motion should not be disturbed (see, O'Connor v Bonanza Intl., 129 AD2d 569, 570; Nevader v Deyo, supra). Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.