■ ANDREW GYENES et al., as Administrators of the Estate of SAMUEL P. GYENES, Deceased, Respondents, v ZIONIST ORGA-NIZATION OF AMERICA et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Carol Huff, J.), entered August 3, 1989, denying both the motion by defendants Jewish Agency—American Section (JAAS) and Ameri-

can Zionist Youth Foundation (AZYF) and cross motion by defendants Zionist Organization of America (ZOA) and Masada of the Zionist Organization of America (Masada) for dismissal of plaintiffs' complaint on the ground of forum non conveniens and failure to state a cause of action, unanimously affirmed, with costs.

Order, same court, entered March 2, 1990, denying the motion by defendants World Zionist Organization and Youth and Hechalutz Department of the World Zionist Organization for dismissal of complaint on forum non conveniens grounds, unanimously affirmed.

Plaintiffs brought this action as administrators of the estate of their 16-year-old son who drowned while attending a summer cultural program in Israel in 1987. Upon attending a seminar at the mid-Manhattan office of ZOA, plaintiffs agreed to send their child to the Masada Israel Summer Program in Israel. A program brochure stated that ZOA was the parent organization of Masada and that the program was "coordinated in conjunction with a division of the JAAS and its American counterpart the AZYF".

The IAS court properly denied defendants' motions to dismiss the action on forum non conveniens grounds. The record reveals that New York has jurisdiction over the dispute due to the purposeful acts of the negotiation and execution of the agreement in New York (see, Reiner & Co. v Schwartz, 41 NY2d 648). Further, the instant tort action would be better adjudicated in New York rather than the alternative forum of Israel. (See, Islamic Republic v Pahlavi, 62 NY2d 474, cert denied 469 US 1108.) Plaintiffs are New York residents. Any statements or documents taken from Israeli citizens and entities could be easily translated into English. Several witnesses to the incident are subject to process in the United States. Moreover, there is a potential hardship to plaintiffs if they are required to litigate the matter in Israel where there is no right to trial by jury. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Smith, JJ.