■ LILIANE CADET, Appellant, v SHORT LINE TERMINAL AGENCY, INC., et al., Respondents.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 8, 1990, which granted defendants' motion to dismiss the complaint on the ground of *forum non conveniens,* unanimously reversed, on the law, the facts and in the exercise of discretion, and the complaint reinstated, with costs.

Plaintiff, a resident of New York County, brought this action to recover damages for personal injuries sustained in a motor vehicle accident on February 26, 1990. At the time of the accident, plaintiff was a passenger on a bus owned by defendant-respondent Short Line Terminal Agency, Inc. ("Short Line"), which was en route from the Port Authority Bus Terminal in New York City to Middletown, New York. Shortly after emerging from the New Jersey side of the Lincoln Tunnel, the bus, operated by defendant Theodore Morse, was struck in the rear by a second bus owned by defendant Short Line and operated by defendant Sidney A. Martin.

Litigation was commenced against Short Line, a New Jersey corporation, by service of a summons and complaint upon the Secretary of State of the State of New York, pursuant to section 306 (b) of the Business Corporation Law, with plaintiff's residence cited as the basis for the New York County venue. Defendants moved to dismiss pursuant to CPLR 327 on grounds of *forum non conveniens,* urging that since this accident occurred in the State of New Jersey and involved New Jersey defendants, there was no logical connection with New York. Plaintiff appeals the grant of this motion. We reverse.

A plaintiff's choice of forum should not be disturbed absent a balance of factors which strongly favors the defendants. *(Hacohen v Bolliger Ltd.,* 108 AD2d 357.) Although the residence of a plaintiff is not the sole determining factor on a motion for dismissal on grounds of *forum non conveniens (Silver v Great Am. Ins. Co.,* 29 NY2d 356), it has been held to generally be " 'the most significant factor in the equation' ". *(Sullivan v McNicholas Transfer Co.,* 93 AD2d 527, 531, quoting McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1982-1983 Pocket Part, CPLR C301:4, at 11.)

In the case at bar, the New York resident-plaintiff purchased her ticket in New York, boarded the bus in New York, and was bound for Middletown, New York. *(See, Gyenes v Zionist Org.,* 169 AD2d 451; *Nevader v Deyo,* 111 AD2d 548.) In

addition, all of plaintiff's hospital and medical treatment was rendered in New York. *(See, Moschera v Muraca,* 148 AD2d 591.)

Defendants, on the other hand, have failed to identify any non-party witnesses who will be inconvenienced by trial in New York. Further, defendant Short Line is authorized to transact business in New York, maintains a ticket office in the Port Authority Bus Terminal, regularly solicits customers in New York, and derives substantial benefit therefrom. *(See, Schneider v Safety Harbor Spa,* 56 AD2d 762.)

For all of these reasons, defendants have failed to overcome the presumption that New York residents are entitled to the use of their judicial system *(Moschera v Muraca, supra)* and it was, accordingly, an improvident exercise of discretion for the IAS part to have granted defendants' motion. Concur—Wallach, J. P., Asch, Kassal and Smith, JJ.