(March 11, 1993)

■ CHRISTINA NEVILLE, Appellant, v ANGLO AMERICAN MANAGEMENT CORP. et al., Respondents, et al., Defendant. JOHN D. DUBOSE et al., Individually and as Coadministrators of the Estate of MISTY A. DUBOSE, Deceased, Appellants, v ANGLO AMERICAN MANAGEMENT CORP. et al., Respondents, et al., Defendant. SANDRA LEVINE, as Administratrix of the Estate of LAWRENCE J. LEVINE, Deceased, Respondent, v ANGLO AMERICAN MANAGEMENT CORP. et al., Appellants, et al., Defendant. EMILIE B. SCHREINER, Respondent, v ANGLO AMERICAN MANAGEMENT CORP. et al., Appellants, et al., Defendant. [594 NYS2d 747] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about January 14, 1992, which granted the motion of defendants Anglo American Management Corp. and G.A.P. Activities Project, Inc., to dismiss, on the grounds of forum non conveniens, the complaints of plaintiffs Christina Neville and John D. Dubose and Glenda Faye Thompson Dubose, individually and as co-administrators of the Estate of Misty Autumn Dubose, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion denied, and the complaints reinstated, without costs.

Order of the same court and Justice, entered on or about May 5, 1992, which denied the motion of defendants Anglo American Management Corp. and G.A.P. Activities Project, Inc. to dismiss, on the grounds of forum non conveniens, the complaints of plaintiffs Sandra Levine, as administratrix of the Estate of Lawrence J. Levine, and Emilie Benedict Schreiner, unanimously affirmed, without costs.

These actions arise out of a motor vehicle accident that occurred in England in 1990 involving a bus which had been chartered to carry a group of American and Canadian high school students enrolled in a summer school program operated

by defendant Oxford Educational Services, Ltd. ("Oxford"). Plaintiffs include two students who were injured in the accident, Christina Neville and Emilie Benedict Schreiner, and the estates of two students who were killed, Misty Autumn Dubose and Lawrence J. Levine. The defendant-appellants on this appeal are two New York corporations, Anglo American Management Corp. ("Anglo") and its alleged parent, G.A.P. Activities Project, Inc. ("GAP"). According to the complaint, Anglo, on behalf of Oxford, had solicited the enrollment of Levine and Schreiner, both New York residents, as well as Dubose, a Georgia resident, for the summer school program. Neville, a Canadian resident, was solicited by a separate company that is not a party herein. The gravamen of the plaintiffs' actions is that a chaperone in the summer school program run by Oxford was negligent in supervising the bus driver involved in the accident. Thus, a crucial factor relevant to the liability of Anglo and GAP is the nature of their relationship to Oxford. The bus driver, who was employed by a British company not a party to these actions, has since been found criminally liable for his role in the accident in the English courts.

Defendants Anglo and GAP moved to dismiss all four complaints on the grounds of forum non conveniens. The IAS Court found that the actions involving New York residents Levine and Schreiner were properly before the New York courts but, in a separate order, dismissed the two actions brought by the non-resident plaintiffs. Defendants appeal from the order that denied their motion to dismiss the Levine and Schreiner complaints and plaintiffs Neville and Dubose appeal from the order dismissing their complaints. Because we find, on this consolidated appeal, that, in light of all the relevant factors, all of the plaintiffs should be permitted to pursue their actions in this State, we affirm the first order and reverse the second.

It is well established that the burden rests upon defendants challenging the forum to demonstrate that private or public interests militate against litigation going forward in this State (*Islamic Republic v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108; *Highgate Pictures v De Paul*, 153 AD2d 126, 128). Among the factors which the court must weigh in deciding a motion to dismiss on such grounds are the residency of the parties, the potential hardship to proposed witnesses, the availability of an alternative forum, the situs of the underlying action and the burden which will be imposed

upon the New York courts. *(Islamic Republic v Pahlavi, supra.)*

At the outset, we find that these defendants have failed to demonstrate that they would suffer a substantially greater hardship in their ability to present witnesses by being required to litigate in New York than would plaintiffs by being forced to litigate in England. As the IAS Court aptly noted, it is clear that there are numerous potential witnesses on both sides of the Atlantic and, since defendants failed to make a showing concerning the materiality of the testimony of their potential witnesses *(see, Corines v Dobson,* 135 AD2d 390, 392), we cannot find that they have adequately demonstrated that plaintiffs' selection of New York should be disregarded on this ground.

Anglo and GAP's argument that they will not be able to implead other potential defendants, who are not amenable to suit in New York, is similarly unavailing *(see, Turner v Hudson Tr. Lines,* 724 F Supp 242, 244; *Moschera v Muraca,* 148 AD2d 591). Plaintiffs are not seeking to hold these defendants liable based on vicarious liability for the negligence of the bus driver, but rather by reason of the negligence of the chaperone who is alleged to be their own employee by virtue of the relationship that exists between these defendants and Oxford. Under these circumstances, the absence of other potential defendants, such as the bus company, will not substantially impair the defendants' ability to defend the action against them. Anglo and GAP, if held liable to plaintiffs, are entitled to thereafter seek any remedy available to them by way of an action for indemnity in England. Furthermore, the substantive argument of defendants Anglo and GAP that the within forum is inconvenient because they are independent contractors and are not liable for the negligence, if any, of Oxford's employees is not relevant since the merits of the liability claim against these defendants are not the issue on this motion. Indeed, the question of the relationship between Anglo, GAP and Oxford, which is at the heart of the lawsuit, is one which may easily be litigated in New York, and defendants' assertion as to the fundamental importance of this issue is, therefore, a further factor militating in favor of retaining these actions within this State.

Finally, plaintiffs have shown various ways in which they would be prejudiced by being required to litigate in England, including that they would not be able to arrange for contingent fees *(Waterways Ltd. v Barclays Bank,* 174 AD2d 324,

328) and they would not be entitled to a trial by jury *(Gyenes v Zionist Org.,* 169 AD2d 451, 452).

Under these circumstances, we agree with the finding by the IAS Court that those plaintiffs who are residents of New York should be permitted to pursue their action in the courts of this State and affirm the order so providing. Moreover, in light of the numerous factors favoring New York as a forum, we find that the fact that the remaining two plaintiffs are not residents of New York is insufficient reason to compel them to litigate their actions elsewhere and that the order dismissing their complaints should therefore be reversed. This is even more compelling in view of the substantial interests of judicial economy in permitting the litigation of these fundamentally related actions in the same forum. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.