Paul V. REACH and Christina Reach, Plaintiffs,

v.

Paul F. PEARSON, 25/45 Publishing Corp., a New York corporation, and Jakel Corporation, a New York corporation, Defendants.

No. 92 Civ. 7984 (LBS).

United States District Court, S.D. New York.

Aug. 5, 1994.

Froehlich, Healy & Locke, Newark, DE, for plaintiffs; Kevin G. Healy, of counsel.

James P. McCarthy, P.C., New York City, for Pearson & 25/45 Pub.; Mark D. Levi, of counsel.

Michael S. Seltzer, Garden City, NY, for Jakel; Michael Cohen, of counsel.

Borowick Reldman & Groner, White Plains, NY, for defendants; Stephen L. Fox, of counsel.

## OPINION

SAND, District Judge.

This case arises out of an automobile accident occurring on November 2, 1990, in Montreal, Quebec. Plaintiffs Paul and Christina Reach, residents of New Jersey, filed a complaint in this Court against defendants Paul Pearson, a resident of New York, and 25/45 Publishing Corp. and Jakel Corp., both of which are New York corporations. The jurisdiction of this Court is based upon an amount in controversy exceeding fifty thousand dollars, exclusive of interest and costs, and diversity of citizenship. 28 U.S.C. § 1332.

Plaintiffs allege that due to defendant Pearson's negligent operation of a motor vehicle, they have sustained injuries for which the defendants are responsible. Defendants Pearson and 25/45 Publishing Corp. move to dismiss the complaint on three grounds: (1) that there is another action pending in a foreign jurisdiction which has exclusive jurisdiction and is the sole remedy that the plaintiffs can pursue; (2) for lack of an indispensable party under Federal Rule of Civil Procedure 19(b); and (3) under the doctrine of *forum non conveniens.* Defendant Jakel Corp. cross-moves on the same grounds. For the reasons stated below, the defendants' motions to dismiss are denied.

## FACTUAL BACKGROUND

The relevant facts alleged in plaintiffs' Complaint are as follows.

Plaintiffs Paul V. Reach and Christina Reach are husband and wife and reside in the State of New Jersey. While Paul Reach was in Montreal on business, he received a ride from defendant Paul F. Pearson, a New York resident, in a rental car owned by Hertz of Canada, Ltd., a Canadian corporation. As Pearson and Reach were travelling through Montreal, they became involved in a three-car collision. Paul Reach alleges that as a result of this accident, he has sustained serious injuries and suffered economic loss. Christina Reach alleges she has been deprived of the society, support, services and consortium of her husband.

The Reaches filed a claim in Quebec for compensation under Quebec's no-fault system of recovery, described in greater detail *infra.* Because Paul Reach was injured in an on-the-job automobile accident, his claim has been transferred to the New Jersey worker's compensation system and is pending decision.

In this Court, the Reaches have sued the driver, Paul Pearson, for negligence and his employers, 25/45 Publishing Corp. and Jakel Corporation, under the doctrine of *respondeat superior.* The two other drivers who were involved in the accident are both Quebec residents who are not subject to this Court's jurisdiction. Similarly, Hertz of Canada, Ltd. is not joined in this action because it is outside the jurisdiction of this Court.

## DISCUSSION

The issues which are raised by these motions revolve around the conflicting laws of New York and Quebec and the differing remedies which are available in each forum. Whereas New York allows for common law negligence actions of unlimited recovery in cases of serious injury arising out of motor vehicle accidents, *see* Insurance Law § 5104 (McKinney 1985), CPLR § 1602 (McKinney Supp.1994), Quebec does not recognize such suits. *See* Quebec Automobile Insurance Act of 1977 ("QAIA"), as amended, Revised Statutes of Quebec, ch. A–25. Instead, Quebec provides a comprehensive no-fault system of recovery for both residents and nonresidents injured in accidents within the province. *Id.* Compensation is provided through an administrative agency known as the Societe de l'assurance automobile du Quebec ("Societe") and is subject to a statutory cap. *Id.* Defendants contend that the Quebec system of recovery provides the plaintiffs' sole remedy, whereas plaintiffs seek to maintain an action under New York law. Thus, the threshold issue facing this Court is which law to apply.

### A. Choice of Law

A federal court must look to the choice-of-law rules of the forum state to determine the controlling law. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). New York,

the forum state in this action, has primarily followed the choice-of-law rules established in the landmark decision of *Babcock v. Jackson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). In *Babcock,* New York abandoned strict adherence to the doctrine of *lex loci delicti* and adopted a more flexible approach for resolving choice-of-law issues. Instead of strictly applying the law of the place of the tort, the Court of Appeals decided that the ends of justice and fairness would best be served by applying the law of the jurisdiction with the most significant contacts and the greatest interest in the litigation. *Id.* 240 N.Y.S.2d at 749, 191 N.E.2d at 285.

*Babcock* concerned an automobile accident in Ontario in which a New York passenger was injured through the negligent driving of another New York resident. The court saw no reason for departing from New York's policy of requiring a tortfeasor to compensate his guest for injuries caused by his negligence just because the accident causing the injury occurred outside New York's borders. *Id.* New York was the place where the parties resided, where the guest-host relationship was formed, and where the trip started and was intended to finish. Ontario, on the other hand, was connected to the action only as "the place of the fortuitous occurrence of the accident." *Id.* 240 N.Y.S.2d at 751, 191 N.E.2d at 287. Because New York had the more significant contacts with the action, the court determined that New York had a greater interest in the litigation than Ontario and a superior claim for the application of its law. *Id.*

The Court of Appeals further modified its choice-of-law analysis in *Schultz v. Boy Scouts of America, Inc.,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (1985). Instead of giving substantial weight to contacts such as where the guest-host relationship began or where the trip was to start and end, the court found that the only significant contacts were the parties' domiciles and the locus of the tort. *Id.* 491 N.Y.S.2d at 95, 480 N.E.2d at 684. Depending on how the laws conflict, these contacts define each jurisdiction's interest in having its law apply. *Id.* The locus of the tort is the more significant contact when the conflict of laws concerns standards

of conduct, such as rules of the road, because the locus jurisdiction has an interest in protecting the expectations of parties who relied on these rules to govern their conduct. *Id.* at 95–96, 480 N.E.2d at 684–85. The domicile of the parties, on the other hand, becomes the more significant contact when the conflicting laws involve allocation of losses. In such cases, the domicile jurisdiction has a greater interest in determining rights of recovery and the extent of remedies for tortious conduct involving its residents. *Id.* at 96, 480 N.E.2d at 685.

Applying the so-called "interest analysis" of *Babcock* and *Schultz* to the motions at hand, we conclude that New York law governs. The conflict in this case between the laws of New York and Quebec concerns the extent of available remedies—New York's policy of unlimited recovery as opposed to Quebec's no-fault, limited compensation scheme. In the language of *Schultz,* the conflict relates to the allocation of losses rather than the governing standard of conduct. The significant contact, therefore, is the parties' domiciles—that is, New Jersey (plaintiffs' domicile) and New York (defendants' domicile). Quebec, the locus jurisdiction, has the less significant interest in a dispute between nonresidents in a New York court in which Quebec law differs from forum law primarily with respect to tort liability. Accordingly, we conclude that here, where New Jersey plaintiffs sue New York defendants for an accident occurring in Quebec, New York's interests outweigh those of Quebec, and we therefore apply New York's law of remedies.

### B. Other Action Pending

■ Defendants argue that since plaintiffs have sought relief through Quebec's system of compensation, the remedy provided through the Societe should be plaintiffs' sole recourse. Defendants contend that if plaintiffs were permitted to recover in New York, they would recover doubly. This is erroneous. Under the QAIA, the Societe is subrogated to the victim and is entitled to indemnification for any compensation it has paid out. QAIA at ch. A–25, § 83.61. Because the Societe is indemnified, the danger of double recovery is avoided.

A well-reasoned opinion from Massachusetts, *Reisch v. McGuigan*, 745 F.Supp. 56 (D.Mass.1990), supports this conclusion. In *Reisch*, a New Jersey plaintiff filed suit against a Massachusetts driver for an accident which occurred in Quebec. The court held that Massachusetts law applied irrespective of plaintiffs' recovery under the QAIA. Moreover, the court reasoned that "restricting an American citizen to the limited recovery available under the [QAIA] would give the [QAIA] an extraterritorial effect which it does not clearly express and which might seriously impinge on the sovereign interests of an American state." *Id.* at 61. *See also Nevader v. Deyo*, 111 A.D.2d 548, 489 N.Y.S.2d 420, 422 (1985) (even though plaintiff was recovering under the QAIA, tort action in New York was still permitted).

## C. Indispensable Parties

■ Because certain parties connected to the accident are outside the territorial jurisdiction of this Court, defendants contend that under Rule 19(b) of the Federal Rules of Civil Procedure the case should be dismissed.[1] Defendants allege that they will be severely prejudiced because "indispensable parties" cannot be joined in this action. The indispensable parties the defendants cite are Hertz of Canada, Ltd. (the owner of the automobile) and the two other drivers involved in the accident.

This contention is without merit. As potential joint tortfeasors, Hertz and the drivers cannot be considered indispensable parties. It is "error to label joint tortfeasors as indispensable parties under Rule 19(b).... It has long been the rule that is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112 L.Ed.2d 263. Accordingly, plaintiffs' inability to join Hertz and the other

drivers provides insufficient reason to dismiss this action.

## D. *Forum Non Conveniens*

■ Defendants contend, finally, that because parties involved in the accident are outside this Court's jurisdiction and because the action's sole nexus to New York is as the domicile of the defendants, this case should be dismissed under the doctrine of *forum non conveniens*. We disagree.

■ In order to reach a decision in a *forum non conveniens* inquiry, a court must balance the private interest factors which affect the litigants' convenience and the public interest factors which affect the forum's convenience. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In *Piper Aircraft v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court emphasized that no one factor is determinative: "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Id.* at 249–50, 102 S.Ct. at 263.

A public interest factor weighing against dismissal is that Quebec does not provide a suitable alternative forum. Because Quebec does not recognize common law negligence actions and limits compensation to a statutory cap, plaintiffs could not bring an action for the remedy they seek in Quebec. Although the prospect of an unfavorable change in law does not, by itself, bar dismissal, *id.* at 250, 102 S.Ct. at 263, it is a significant factor. "If the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the district court may conclude that dismissal would not be in the interests of justice." *Id.* at 254, 102 S.Ct. at 265. Because the Quebec courts are not amenable to

1. Rule 19(b), entitled "Determination by Court Whenever Joinder not Feasible," provides: "If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

the plaintiffs' type of tort action, we give this factor substantial weight.

Defendants contend, nevertheless, that New York is an inconvenient forum for this litigation because the operators of the other vehicles involved in the accident are in Quebec and because this action's only contact with New York is the residence of the defendants. Defendants rely heavily on *Blais v. Deyo,* 92 A.D.2d 998, 461 N.Y.S.2d 471 (1983) to support their position. *Blais* involved an automobile accident in Quebec in which Canadian residents brought suit against the New York owner of the automobile in which they were passengers. The suit was dismissed on *forum non conveniens* grounds. Defendants contend that *Blais* should govern this case. This position, however, is unpersuasive. First, the location of parties outside of New York does not dictate dismissal on *forum non conveniens* grounds. *See Moschera v. Muraca,* 148 A.D.2d 591, 539 N.Y.S.2d 56 (1989) (action between New York passengers and their driver allowed even though the cause of action arose in Nevada and the driver of the other car involved in the accident was a resident of that state); *Nevader v. Deyo,* 111 A.D.2d 548, 489 N.Y.S.2d 420 (1985) (same accident as in *Blais* except that plaintiffs were New York residents; motion to dismiss on *forum non conveniens* grounds denied even though site of the accident was Quebec and other cars involved in the accident were in Quebec). Second, despite defendants' contentions, the Reaches are not in the same position as the plaintiffs in *Blais.* The *Blais* plaintiffs were Quebec residents, not United States citizens. As the Supreme Court noted in *Piper,* "because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." 454 U.S. at 256, 102 S.Ct. at 266. Plaintiffs in the instant case are not foreign; rather, they are New Jersey residents. The traffic in the Holland and Lincoln tunnels notwithstanding, we do not consider New York an inconvenient forum for New Jersey plaintiffs.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are denied. Within twenty days of the date of this Opinion, the parties are to inform the Court of the date by which discovery will be completed, a joint pretrial order prepared, and the case ready for trial.

SO ORDERED.