■ Hudson's Bay New York, Inc., Appellant, v United States Fidelity & Guaranty Company, Respondent. [667 NYS2d 719] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about March 24, 1997, which denied plaintiff's motion to compel disclosure, and granted defendant's cross motion to dismiss the complaint on the ground of forum non conveniens, unanimously modified, on the law and the facts, to condition the dismissal upon defendant's stipulation to waive the defense of the Statute of Limitations should plaintiff institute an action in Connecticut, and otherwise affirmed, without costs.

Plaintiff loaned money to a Connecticut mink rancher and took back a security interest on the rancher's livestock, which was filed in Connecticut. Defendant issued a products liability policy to a supplier who sold the rancher defective vaccine that destroyed the mink herd. Defendant, on behalf of its insured, the supplier, paid the claim of the rancher, who is now not amenable to suit by plaintiff. The theory of the action is that defendant had notice of plaintiff's filed security interest, and should not have paid the rancher. The motion court found that Connecticut is a more appropriate forum than New York, and

dismissed the action. We agree. Defendant's records and witnesses are in Connecticut, the chattel mortgage was given there, the security interest was filed there, and its transactions with the supplier, as well as the supplier's transactions with the rancher, took place there. Plaintiff's chattel mortgage with the rancher contains New York choice-of-law and New York forum clauses, but defendant is not a party thereto, and we therefore accord that factor little weight. We also accord little weight to the fact that defendant does business and is authorized to do business in New York (see, Wilson v International Ocean Transp. Corp., 78 AD2d 623). Nor was defendant's delay in moving to dismiss for forum non conveniens so inordinate as to amount to a waiver of its right to do so (compare, Corines v Dobson, 135 AD2d 390, 392-393). However, the dismissal should have been conditioned upon defendant's waiver of any Statute of Limitations defense in Connecticut, and we modify accordingly (see, Highgate Pictures v De Paul, 153 AD2d 126, 128-129). Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.