■ NANCY E. MANN, Respondent, v COOPER TIRE COMPANY et al., Appellants. RAMAN MANN et al., Respondents, v COOPER TIRE COMPANY et al., Appellants, et al., Defendant. [761 NYS2d 635] —Orders, Supreme Court, Bronx County (Stanley Green, J.), entered on or about January 21, 2003, which, in two actions arising out of a car accident in Quebec allegedly caused by a defective tire manufactured and distributed by defendants-appellants, denied appellants' motions pursuant to CPLR 3211 (a) (2) to dismiss the complaints as barred by Quebec law, unanimously affirmed, without costs.

The laws in conflict are New York's common law of products liability and negligence, which permit actions to recover unlimited noneconomic damages for injuries caused by defective products and for serious injuries arising out of negligence in the use or operation of a motor vehicle (cf. Insurance Law § 5104 [a]), and Quebec's Automobile Insurance Act (RSQ ch A-25), a no-fault statute that, inter alia, prohibits actions to recover noneconomic loss for injuries sustained in car accidents on its roadways no matter how serious the injury (see Bodea v TransNat Express, 286 AD2d 5, 8 [2001]; Reach v Pearson, 860 F Supp 141, 142 [SD NY 1994]). Significant contacts with New York are the purchase of the allegedly defective tire in New York; the car's registration in New York; the car's ownership by a New York domiciliary who was a passenger; the car's operation by a New York domiciliary who had a New York driver's license and was killed in the accident when the car rolled over; and the presence of two passengers in the car who are New York domiciliaries and were injured in the accident. Appellants manufacturer and distributor are Delaware corporations that have their principal places of business in Ohio and Tennessee and conduct business throughout the world; the tire was apparently manufactured in Georgia. Contacts with Quebec are the occurrence of the accident and the initial treatment of injuries there. The IAS court correctly held that New York's interest in having its products liability and negligence laws applied to compensate its domiciliaries for injuries sustained by a defective product sold in New York is greater than Quebec's interest in having its no-fault law uniformly applied so as to prohibit compensation to United States domiciliaries (see Cooney v Osgood Mach., 81 NY2d 66, 72 [1993]; Padula v Lilarn Props. Corp., 84 NY2d 519, 521-522 [1994]; Nevader v Deyo, 111 AD2d 548, 551 [1985]). Concur—Andrias, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.