■ Amanda Lerner, Respondent, v Friends of Mayanot Institute, Inc., et al., Appellants, et al., Defendant. [4 NYS3d 202]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 21, 2014, which denied defendants-appellants' motion to dismiss this action on the ground of forum non conveniens, unanimously affirmed, without costs.

The motion court properly analyzed the relevant factors and properly found that this action, alleging, among other things, breach of contract and negligent supervision of the then-teenage plaintiff who was allegedly assaulted while she was on a tour in Israel, has a substantial nexus with New York (*see* CPLR 327 [a]; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Defendants failed to meet their heavy burden to show that the relevant factors militate against the litigation being heard in New York (*see ACE Fire Underwriters Ins. Co. v ITT Indus., Inc.*, 44 AD3d 404, 406 [1st Dept 2007]). Plaintiff, as well as both of her parents and at least four medical providers who treated her after the alleged assault, all of whom are expected to testify at trial, are New York residents; defendant Friends of Mayanot Institute, Inc. is incorporated in New York; defendant Mayanot Institute of Jewish Studies, which was the designated operator of the tour, marketed itself as being at least partially based in New York, as its website provided a New York telephone

number and physical address; and the tour was scheduled to begin and end in New York. Under these circumstances, notwithstanding that the alleged assault occurred in Israel, this case has a substantial nexus with New York (*see Neville v Anglo Am. Mgt. Corp.*, 191 AD2d 240 [1st Dept 1993]).

The motion court properly found that defendants failed to establish that they will face substantial hardships if required to litigate in New York (191 AD2d at 242). Defendants did not identify any foreign witness, nor did they specify the nature or materiality of the testimony of any foreign witness (*id.*). They have offered only "sheer speculation . . . that any such testimony will be unobtainable in New York" (*Anagnostou v Stifel*, 204 AD2d 61, 62 [1st Dept 1994]). They also failed to show that New York courts will be unable to apply Israeli law, should the necessity arise (*id.*).

We have considered defendants' remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.