Fekah v Baker Hughes Inc. (2019 NY Slip Op 07500)





Fekah v Baker Hughes Inc.


2019 NY Slip Op 07500


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10116 153767/17

[*1] Joseph Fekah, etc., et al., Plaintiffs-Appellants,
v
Baker Hughes Incorporated, Defendant-Respondent.


Pradal & Associates PLLC, New York (Philippe Pradal of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Noelle M. Reed of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered September 27, 2018, bringing up for review an order, same court and Justice, entered on or about September 6, 2018, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
As the Second Department held in Aybar v Aybar (169 AD3d 137 [2d Dept 2019], lv dismissed 33 NY3d 1044 [2019]), a corporate defendant's registration to do business in New York and the designation of the Secretary of State to accept service of process in New York does not constitute consent by the corporation to submit to the general jurisdiction of New York for causes of action that are unrelated to the corporation's affiliations with New York. Accordingly, defendant's motion to dismiss on ground of CPLR 301 was properly granted (see also Best v Guthrie Med. Group, P.C., 175 AD3d 1048 [4th Dept 2019]; Gronich & Co., Inc. v Simon Prop. Group, Inc., 2019 NY Slip Op 31107(U) [Sup Ct, NY County 2019]; Kline v Facebook, Inc., 62 Misc 3d 1207[A] [Sup Ct, NY County 2019]; Kyowa Seni Co., Ltd. v ANA Aircraft Technics, Co., Ltd., 60 Misc 3d 898 [Sup Ct, NY County 2018]).
Nor do plaintiffs show grounds to disturb the court's determination that defendant is not subject to personal jurisdiction pursuant to CPLR 302(a)(1). That statute provides for specific jurisdiction over nonresidents only to the extent the causes of action arise from the nonresident transacting business within the state. Even if defendant's recruitment of employees here, designating a registered agent here, and maintaining active registration to do business here, did constitute the transaction of business in this state, plaintiffs fail to show their claims arise from them. Plaintiffs' broad-brush assertions about the administration of employment benefits and insurance coverage from the United States are never linked to the tragic events alleged to have occurred in Gabon, and bear no apparent connection to New York.
Plaintiffs also do not show that dismissal on forum non conveniens grounds was an abuse of the court's discretion (see CPLR 327[a]; Swaney v Academy Bus Tours of N.Y., Inc., 158 AD3d 437 [2018]). The doctrine of forum non conveniens permits a court to dismiss an action otherwise jurisdictionally sound if it finds "in the interest of substantial justice the action should be heard in another forum" (CPLR 327[a]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-489 [1984], cert denied 469 US 1108 [1985]). The relevant factors include: (1) the burden on the New York courts; (2) potential hardship to the defendant; (3) the unavailability of an alternative forum in which plaintiff may bring suit; (4) whether both parties are nonresidents; and (5) whether the transaction from which the cause of action arose occurred primarily in a foreign jurisdiction (id. at479). The court may also consider the location of potential witnesses and documents and potential applicability of foreign law (Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171 [1st Dept 2004]).
Plaintiffs essentially argue that the situs of the accident is irrelevant for forum non conveniens purposes, but the readily distinguishable cases they cite only highlight the argument's [*2]weaknesses. In Corines v Dobson (135 AD2d 390 [1st Dept 1987]), this Court held New York was the proper forum for a case arising from a car accident in Guadeloupe because the plaintiff lived here, and essentially all medical care was rendered here, neither of which is true in the instant case where, to the contrary, most of the medical care — whose allegedly poor quality is at the heart of plaintiffs' claims — was administered in Gabon and South Africa. In Neville v Anglo Am. Mgt. Corp. (191 AD2d 240 [1st Dept 1993]), which arose from a fatal motor vehicle accident in England, two of four plaintiffs were New York residents, defendants were New York corporations, and the crux of plaintiffs' claims was the alleged negligence of the chaperone alleged to be defendants' employee.
Plaintiffs claim their key witnesses are here, but their argument is unavailing, as the individuals they list as potential witnesses are at very high levels of management at defendant's company, and plaintiffs' conclusory assertions that these individuals have personal knowledge of the relevant facts are unsupported by anything in the record.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK