■ CREATIVE RESOURCES, INC., Respondent, v JAMES W. RUMBELLOW, Appellant, et al., Defendants. [664 NYS2d 86] —In an action, *inter alia*, to recover damages for breach of contract, the defendant James William Rumbellow appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered October 25, 1996, as denied his motion to dismiss the complaint insofar as asserted against him on the grounds of lack of personal jurisdiction and forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In May 1992 the plaintiff and the appellant entered into an agreement which provided, *inter alia*, that the agreement would be interpreted and enforced in accordance with the laws of the State of New York, that the agreement was enforceable by action in the courts of this State, and that the parties consented to the jurisdiction of the courts of this State. The plaintiff and the appellant subsequently entered into a second agreement which contained a New York choice of law provision, and incorporated the choice of forum and consent to jurisdiction provisions of the original agreement by reference. The plaintiff brought this action to recover damages for, *inter alia*, the appellant's breach of the second agreement.

The Supreme Court properly concluded that the appellant validly consented to jurisdiction in the courts of this State (*see, National Equip. Rental v Szukhent,* 375 US 311, 315-316; *Rochester Community Sav. Bank v Smith,* 172 AD2d 1018; *Carvel Corp. v Ross Distrib.,* 137 AD2d 578). Moreover, because the agreement in question satisfies the criteria of General Obligations Law § 5-1402 (1), the complaint should not be dismissed based on the doctrine of forum non conveniens (*see,* CPLR 327 [b]; *Banco do Commercio e Industria v Esusa Engenharia e Construcoes,* 173 AD2d 340). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.