■ CARVEL CORPORATION, Appellant-Respondent, v Ross DISTRIBUTION, INC., et al., Respondents-Appellants.—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered August 28, 1986, as granted the defendants' motion to dismiss the action as against the defendant Todd for lack of personal jurisdiction and as against the defendant Ross Distribution, Inc. (hereinafter Ross) on the ground of forum non conveniens, and the defendants cross-appeal, as limited by their notice of appeal and brief, from so much of that order as found that there existed personal jurisdiction over Ross.

Ordered that the cross appeal is dismissed (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The court properly found that the plaintiff failed to obtain personal jurisdiction over the defendant Todd, as nowhere in his written guarantee did he consent to service on his behalf upon the New York corporation upon whom service was made (cf., Bankers Trust Co. v Kline, 52 AD2d 775). Personal jurisdiction was properly obtained over Ross, however, since, as the court found, it consented to such service by contract (see, National Equip. Rental v Szukhent, 375 US 311).

In any event, the court properly found that long-arm jurisdiction existed in New York as to Ross (see, CPLR 302 [a] [1]). Ross's purposeful association with the New York franchise rendered jurisdiction in New York foreseeable. Thus, it does not offend traditional notions of due process and fair play to call upon Ross to come into New York to defend against this cause of action grounded upon the alleged injury it caused to the plaintiffs (see, Burger King Corp. v Rudzewicz, 471 US 462; International Shoe Co. v Washington, 326 US 310).

While we conclude that the court correctly found that personal jurisdiction existed over the corporate defendant, we

further conclude that it was not an improvident exercise of discretion for the court to dismiss the complaint against that defendant on the ground of forum non conveniens (CPLR 327). We note at the outset that despite the plaintiff's contentions to the contrary, the defendants never contractually consented to New York as the sole forum for suits brought against them by the plaintiff. Thus, the court could properly consider the doctrine of forum non conveniens. The doctrine is a flexible one and is based upon the facts and circumstance of each case. The court must consider various factors in determining, in the exercise of its sound discretion, whether to retain jurisdiction over the action. Among these factors are "the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit" *(Islamic Republic v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108).

Here, the court properly considered these factors before declining to accept jurisdiction. The contracts between the parties were executed outside of New York, both in Florida and Texas. Further, the defendants possess more limited resources than the plaintiff; they reside outside of New York and their witnesses reside in Texas. Most significantly, Ross notes that an available forum for this litigation exists elsewhere, in Texas, where the defendants previously brought an action against the plaintiff based upon the same contracts involved herein. Ross acknowledges that the plaintiff may bring its claims as counterclaims in that action. The Supreme Court took appropriate factors into consideration in making its decision, and we find no abuse of discretion *(see, Islamic Republic v Pahlavi, supra).* Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.