■ Leo Heaps, Respondent, v Simon & Schuster Co. et al., Defendants, and George Jonas et al., Appellants.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on or about June 29, 1988, which, *inter alia,* denied defendants-appellants' motion for summary judgment pursuant to CPLR 3212 and, further, denied their motion for dismissal on grounds of forum non conveniens pursuant to

CPLR 327, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant the motion to dismiss for forum non conveniens, on condition that defendants stipulate to waive any Statute of Limitations and personal jurisdiction defenses in Canada, and otherwise affirmed, with costs.

Appeal from an order, Supreme Court, New York County (Burton Sherman, J.), entered on or about July 1, 1988, which granted defendants-appellants' application to reargue that branch of the motion seeking dismissal pursuant to CPLR 327 and, upon reargument, adhered to the original determination, dismissed as moot, without costs.

In this action for alleged misappropriation of contract rights, brought by a Canadian journalist and citizen, the complaint has been dismissed as to the two New York defendants, Simon & Schuster and Home Box Office Corp. The remaining four defendants, appellants George Jonas, RSL Entertainment Corp., Lester Orpen & Dennys, and Collin's of Canada Ltd. (collectively, defendants), are Canadian individuals or entities.

This matter arose out of an agreement entered into by plaintiff-respondent, Leo Heaps, and Juval Aviv, who is designated a defendant in the caption, but has never been served and has never participated in the litigation. Plaintiff claimed that, under the terms of the agreement, which he and Aviv executed on a sailboat in Providence, Rhode Island, in 1981, Aviv gave him exclusive rights to a story regarding his experiences as a member of an Israeli counterterrorist team sent to Europe to assassinate those responsible for the Munich Olympics massacre. Shortly after entering into the agreement with Aviv, plaintiff enlisted the assistance of two Canadian publishers, defendants Lester Orpen & Dennys and Collin's of Canada Ltd. It is plaintiff's contention that these defendants cut him out of the project by contracting directly with Aviv, in Canada, for the rights to publish the book. Lester and Collins are further alleged to have entered into an agreement with an American publisher, Simon & Schuster, to secure United States rights to the story, and with RSL Entertainment Corp., a Canadian entity, and Home Box Office, an American corporation, for film rights to the story.

We believe that the court abused its discretion in denying defendants' motion to dismiss on grounds of forum non conveniens pursuant to CPLR 327.

In determining a motion based on forum non conveniens, the "overall focus must relate to the question of whether New

York is an inconvenient forum and whether another forum is available 'which will best serve the ends of justice and the convenience of the parties' ". *(Irrigation & Indus. Dev. Corp. v Indag, S. A.,* 37 NY2d 522, 525, quoting *Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361.) This requires the balancing of various competing factors, including whether the parties to the action are nonresidents, and whether the transaction from which the litigation arose occurred primarily in a foreign jurisdiction. Also to be considered are the burden which will be imposed on the New York courts, the potential hardship to the defendants, and the availability of an alternative forum. *(Islamic Republic v Pahlavi,* 62 NY2d 474, 479.)

In the case at bar, which concerns a transaction that occurred outside of the State of New York, all of the remaining parties, including plaintiff, are nonresidents, and an alternative to the New York courts is available in Canada, which is the parties' home forum. The defendants stress the hardship they have endured in having to defend this action in New York, including the additional expenses incurred and the disruption of their normal business activities caused by litigating hundreds of miles away. They point out that it took 16 months to complete a few depositions. Given all of these circumstances, it is clear that New York is an inconvenient forum, and that the ends of justice and the convenience of all of the parties would best be served in a Canadian forum.

Accordingly, we modify the order dated June 28, 1988 to the extent of granting the motion to dismiss on grounds of forum non conveniens, on condition that defendants stipulate to waive any Statute of Limitations and personal jurisdiction defenses in Canada. In light of this determination, the appeal from the order entered on or about July 1, 1988 is dismissed as moot. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Wallach, JJ.