■ DOROTHY J. HARP, Appellant, v JOHN C. MALYN, Defendant, and VICTOR A. GARNICE et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Brown, J.), entered October 30, 1989 in Saratoga County, which granted motions by defendants Victor A. Garnice and Robert A. Becher to dismiss the complaint against them on the ground of forum non conveniens.

Plaintiff and defendant John C. Malyn* were divorced in December 1972 pursuant to a judgment of divorce entered in Saratoga County, which required Malyn to pay $50 per week for support of the parties' two minor children. Thereafter, Malyn failed to regularly make the requisite payments and plaintiff initiated various enforcement proceedings between 1974 and 1984 to no avail. Finally, plaintiff was able to trace Malyn's whereabouts to Arizona where, in April 1986, she

* Malyn is not a party to this appeal. We previously affirmed Supreme Court's dismissal of plaintiff's action against Malyn on forum non conveniens grounds (161 AD2d 929).

obtained an order requiring Malyn to pay future support, as well as arrearages due.

In 1987, after Malyn failed to make the payments due under the Arizona order, plaintiff sought to enforce said order and a contempt proceeding was instituted on plaintiff's behalf by the Arizona Attorney-General's office. In connection with that proceeding, Malyn obtained the legal services of defendant Victor A. Garnice, who filed four separate motions, including a motion to dismiss and a motion to vacate the support order, on Malyn's behalf. The basis of said motions was that Malyn had signed an irrevocable consent to the adoption of his children in exchange for a relinquishment by plaintiff of any right to child support. Accompanying the motions was an affidavit allegedly prepared by Garnice and executed by defendant Robert A. Becher, an attorney practicing in this State.

Subsequently, a default judgment was entered against plaintiff in the contempt proceeding after the Arizona Attorney-General's office failed to appear, apparently due to an oversight. Plaintiff's later request to vacate the default was denied.

In May 1989, plaintiff commenced the instant action alleging, *inter alia,* that defendants conspired to deprive her of child support payments by making false and/or perjured statements to the Arizona court in connection with the submission of the four motions by Garnice. Following service of the complaint, Becher moved to dismiss the complaint for failure to state a cause of action. Thereafter, Garnice also moved to dismiss upon the same ground asserted by Becher and upon the additional grounds of res judicata and/or collateral estoppel and forum non conveniens. Becher then made a second "amended" motion, in which he raised objections upon the same additional grounds. Supreme Court dismissed plaintiff's action on the basis of forum non conveniens. This appeal by plaintiff followed.

Initially, we reject plaintiff's procedural argument that Supreme Court improperly dismissed the action with respect to Becher since he did not include his forum non conveniens objection in his first motion to dismiss. While plaintiff correctly argues that Becher was only entitled to one CPLR 3211 (a) motion to dismiss *(see,* CPLR 3211 [e]), he was not foreclosed from bringing a second motion on forum non conveniens grounds pursuant to CPLR 327.

Turning then to the merits of plaintiff's appeal, we find that Supreme Court's dismissal of plaintiff's action on forum non

conveniens grounds was proper. Plaintiff contends that there is a substantial nexus between the instant action and this State and that Supreme Court therefore abused its discretion in dismissing her action on forum non conveniens grounds. However, a review of Supreme Court's decision establishes that it correctly exercised its discretion by considering the facts and circumstances of this case and balancing the various relevant factors (see, Islamic Republic v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108; Heaps v Simon & Schuster Co., 150 AD2d 164, 166; Carvel Corp. v Ross Distrib., 137 AD2d 578, 579). While Supreme Court recognized the considerations weighing in favor of a New York forum, it found that, on balance, certain other factors warranted a finding that Arizona is the more appropriate forum. In particular, Supreme Court noted that both Malyn and Garnice are residents of Arizona, that the allegedly false and/or perjured affidavits were submitted in Arizona to an Arizona court, that the Judge in the Arizona proceeding is a potential witness in this action and that Arizona law would govern this action. Thus, Supreme Court properly considered the appropriate factors, and we cannot conclude that it abused its discretion (see, Carvel Corp. v Ross Distrib., supra, at 579). Accordingly, we would affirm Supreme Court's dismissal of the action on forum non conveniens grounds, but upon the condition that, in accordance with their stipulation upon the oral argument of this appeal, Becher waive any personal jurisdiction objection in Arizona and that both Becher and Garnice waive any Statute of Limitations defense (see, CPLR 327; Martin v Mieth, 35 NY2d 414, 418; Heaps v Simon & Schuster Co., supra).

Order modified, on the law, without costs, by adding the condition that defendant Robert A. Becher stipulate to waive any personal jurisdiction objection in any Arizona action by plaintiff and that said defendant and defendant Victor A. Garnice stipulate to waive any Statute of Limitations defense in any such Arizona action, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.