■ I.F.S. INTERNATIONAL, INC., Appellant, v S.L.M. SOFTWARE, INC., Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Travers, J.), entered March 14, 1990 in Rensselaer County, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens.

Plaintiff, a New York corporation, has sued defendant, a Canadian corporation, for breach of contract. Defendant moved to dismiss the action on the ground of lack of personal jurisdiction or, in the alternative, on forum non conveniens grounds. Supreme Court, noting that a question exists regarding whether personal jurisdiction of defendant had been acquired, dismissed the case on forum non conveniens grounds. Inasmuch as that doctrine has no application unless a New York court has obtained personal jurisdiction of a defendant *(Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574), it

was incumbent upon Supreme Court to make that threshold determination before undertaking a forum non conveniens analysis. The evidence in the record before us is conflicting on the issue of personal jurisdiction and thus requires a hearing for resolution.

Casey, J. P., Mikoll, Yesawich, Jr. and Mercure, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.