■ IFS International, Inc., Appellant, v SLM Software, Inc., Respondent. [638 NYS2d 186] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 20, 1995 in Rensselaer County, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens.

In January 1989 plaintiff, a New York corporation doing business in, among other places, Canada, entered into a written contract with defendant, a Canadian corporation, whereby plaintiff was to market defendant's computer software to various financial institutions. In June 1989, plaintiff commenced this action alleging causes of action sounding in breach of contract and fraud. Defendant subsequently commenced a separate action in the Province of Ontario, Canada, arising out of plaintiff's alleged breach of the same contract. Plaintiff apparently chose not to file any counterclaims against defendant in that action.

Defendant thereafter successfully moved pursuant to CPLR 327 to dismiss plaintiff's action on the ground of forum non conveniens. On appeal, this Court reversed Supreme Court's order of dismissal on the ground that it was necessary to first determine whether Supreme Court had personal jurisdiction over defendant (174 AD2d 811). Upon remittal, Supreme Court determined that defendant indeed was subject to the jurisdiction of the courts of this State, and defendant again filed a motion for dismissal on the ground of forum non conveniens. Supreme Court granted the motion and this appeal by plaintiff followed.

We affirm. Based upon a consideration of all the relevant factors, we cannot say that Supreme Court abused its discretion in dismissing plaintiff's action on forum non conveniens grounds. Defendant is a Canadian corporation that does no business, maintains no offices nor has any assets or real property in this State. Additionally the contract, which was executed and finalized in Canada, calls for the application of Canadian law. Although no one factor is determinative, the fact that the law of a different forum will govern the resolution of a dispute has been considered an important factor in cases where the courts of this State have dismissed actions on forum non conveniens grounds (see, e.g., Harp v Malyn, 166 AD2d 848, 850). Finally, the record reflects the pendency of a similar action in Ontario involving the same parties and arising out of the same issues as those raised here. Hence, plaintiff will not be unduly prejudiced by the dismissal of this action because a forum in Ontario is currently available and poised to address the matter (see, Morley v Morley, 191 AD2d 372, 373).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.