■ CHRISTOPHER DALES, Respondent, v DANIEL E. TIESSEN, Appellant. [647 NYS2d 629] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed in accordance with the following Memorandum: Defendant contends that Supreme Court erred in denying his motion to dismiss the complaint on the ground of forum non conveniens (*see*, CPLR 327). We agree. Both parties are residents of the Province of Ontario, as are plaintiff's treating physician and an eyewitness to the car accident. "The only connection with New York is 'the adventitious circumstance that the accident occurred here' (*Martin v Mieth*, 35 NY2d 414, 418) * * * [, which] fact alone does not constitute a nexus sufficient to warrant the retention of jurisdiction" (*Singh v Zuidema*, 221 AD2d 1020).

Plaintiff's reliance on *Singh v Swan* (225 AD2d 1057) is misplaced. In that case, one of the three defendants was a resident of Niagara County and another defendant was a corporation with its principal place of business in Niagara County, where the action had been commenced. Moreover, an eyewitness to the accident resided in Niagara County. Under those circumstances, Niagara County was not an inconvenient forum. Here, in contrast, all parties and eyewitnesses live in the Province of Ontario, where "the action could be better adjudicated" (*Singh v Zuidema, supra*, at 1020).

We therefore reverse the order, grant the motion and dismiss the complaint upon the conditions that defendant agree to accept service of process in the Province of Ontario and waive the Statute of Limitations as a defense (*see, Martin v Mieth, supra*, at 418; *Singh v Zuidema, supra*). If those conditions are not met, the action is to be restored to the calendar in Supreme

Court upon appropriate application by plaintiff. (Appeal from Order of Supreme Court, Cattaraugus County, Feeman, Jr., J.—Dismiss Complaint.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.