■ BEATRICE OTU et al., as Coadministrators of the Estate of HAYFORD K. OTU, Deceased, Appellants, v ROBERT MOXLEY, III, Defendant, and DISCOUNT CAR & TRUCK RENTALS (NORTH YORK), INC., et al., Respondents. [652 NYS2d 363] —Mikoll, J. P. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered April 17, 1996 in Madison County, which granted the motion of defendants Discount Car & Truck Rentals (North York), Inc., Alex Ghansah and Felix Opoku-Agyemang to dismiss the complaint on the ground of forum non conveniens.

On July 24, 1990, decedent, a resident of Ontario, Canada, was involved in a fatal automobile accident while a passenger in an automobile driven by defendant Alex Ghansah, who was also a Canadian resident. The accident occurred when Ghansah's vehicle was struck head-on while traveling along Interstate Route 90 in Madison County by a truck driven by defendant Robert Moxley, III, a resident of Delaware County. The Ghansah vehicle was licensed and registered in Canada and owned by defendant Discount Car & Truck Rentals (North York), Inc., a Canadian corporation. It was leased by defendant Felix Opoku-Agyemang, who was also a resident of Ontario, Canada. After the accident plaintiffs, the coadministrators of decedent's estate, commenced this action for wrongful death. After joinder of issue, Discount, Opoku-Agyemang and Ghansah (hereinafter collectively referred to as defendants), *inter alia*, moved to dismiss the complaint on the ground of forum non conveniens. Supreme Court granted defendants' motion but conditioned the dismissal of the action on defendants' agreement to accept service in Canada and to waive the Statute of Limitations. Plaintiffs appeal from this order.

In the case at hand, all of the defendants, with the exception of Moxley, reside or have their principal place of business in Ontario, Canada. Although Moxley is a New York resident, he is presently incarcerated and has consented to venue in Ontario. Decedent was a resident of Ontario. Decedent's widow, plaintiff Beatrice Otu, is a resident of Ontario. While plaintiff Richard A. Hennessey, Jr. is a resident of Onondaga County, he was appointed coadministrator of decedent's estate solely for the purpose of satisfying the requirements of SCPA 707 (1) (c) so that decedent's widow could receive letters of administration in New York. Moreover, although the accident occurred in New York, the trip which resulted in the accident started in Ontario and was intended to end there. Furthermore, while there are undoubtedly some New York witnesses whose testimony is germane to this case, plaintiffs have not shown that they will be precluded from obtaining such testimony in another forum.

Although generally "nonresidents are permitted to enter New York courts to litigate their disputes as a matter of comity" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478, *cert denied* 469 US 1108), a nonresident plaintiff in a tort case must demonstrate " 'that special circumstances warrant the retention of the action in New York' " (*Blais v Deyo*, 92 AD2d 998, 999, *affd* 60 NY2d 679). Under the circumstances presented, we conclude that the interests and conveniences of the parties demonstrate that the action could be better adjudicated

in a different forum (see, Singh v Zuidema, 221 AD2d 1020; McLeod v Lovelace, 117 AD2d 989). Therefore, we find that Supreme Court did not abuse its discretion in granting defendants' motion.

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.