■ GRACE S. MENSAH, Individually and as Coadministrator of the Estates of JEAN G. A. BOACHIE et al., Deceased, and as Parent and Guardian of DIANE A. BOACHIE, an Infant, Appellant, v ROBERT W. MOXLEY, III, Defendant, and ALEX GHANSAH et al., Respondents. [653 NYS2d 166] —Mikoll, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered April 5, 1996 in Madison County, which granted a motion by defendants Alex Ghansah and Discount Car and Truck Rentals to dismiss the complaint against them on the ground of forum non conveniens.

Plaintiff was involved in a motor vehicle accident in this State on July 24, 1993. She was a passenger in the car as were her two children and husband. The car was being driven by defendant Alex Ghansah and had been rented from defendant Discount Car and Truck Rentals (hereinafter collectively referred to as defendants). The car was hit head on by defendant Robert W. Moxley, III. Plaintiff's husband was killed and one of the children also died as a result of the accident. Plaintiff commenced this personal injury action individually, on behalf of her surviving child and as coadministrator of the estates of both her deceased spouse and child. Defendants

moved to dismiss on the ground of forum non conveniens (*see,* CPLR 327). Supreme Court granted the motion and plaintiff appeals.

We affirm (*see, Otu v Moxley,* 235 AD2d 769 [Jan. 16, 1997]). Based upon a consideration of all the relevant factors (*see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108) we find no abuse of discretion by Supreme Court in granting defendants' motion (*see, IFS Intl. v SLM Software,* 224 AD2d 810). Plaintiff and the other passengers in the car were all residents of Ontario, Canada, as was Ghansah. The rental vehicle was registered in Ontario and Discount Car has its principal place of business in Ontario with no offices in this State. The rental vehicle was traveling through New York en route to New Jersey. Plaintiff and her family were attending a birthday party and were scheduled to return either the next day or the day thereafter to Ontario. Moxley is the only New York resident and he has consented to the change in venue. He also admitted his negligence in his answer. Although the accident occurred in New York, that alone did not warrant a denial of defendants' motion (*see, Martin v Mieth,* 35 NY2d 414, 417-418).

In addition, because plaintiff was a foreign resident, it was her burden to demonstrate that special circumstances existed warranting retention of the case in New York (*see, Blais v Deyo,* 92 AD2d 998, *affd* 60 NY2d 679). Given the above circumstances, we agree with defendants that plaintiff failed to satisfy that burden (*see, Singh v Zuidema,* 221 AD2d 1020). We also note that pretrial discovery and the trial itself principally involve witnesses and evidence located outside this State (*see, Irrigation & Indus. Dev. Corp. v Indag,* 37 NY2d 522, 525). Even accepting that emergency hospital personnel and New York police who investigated the accident may be potential witnesses, Ontario procedural devices are available to obtain their testimony (*see, McLeod v Lovelace,* 117 AD2d 989). Another important consideration is the fact that the law of a different forum will govern the resolution of the action (*see, Troni v Banca Popolare Di Milano,* 129 AD2d 502, *lv denied* 70 NY2d 605). Contrary to plaintiff's contention, we agree with Supreme Court that Ontario law should apply. The laws in conflict in this case are loss allocation rules and not those governing standards of conduct (*see, Padula v Lilarn Props. Corp.,* 84 NY2d 519, 521). That is because what is at issue are rules which "prohibit, assign, or limit liability after the tort occurs" (*id.,* at 522). Here, Ontario limits the amount a person injured in an auto accident can recover while New York has no such limitation in a personal injury action (*see generally, Blais v Deyo,*

*supra*). Further, because the parties share a common domicile the loss allocation rule of the common domicile applies (*see, Padula v Lilarn Props. Corp., supra*, at 522). Although Moxley is a New York resident he consented to have Ontario law apply. In addition, an Ontario court would be better able to interpret its own laws than a New York court (*see, Blais v Deyo, supra*). Therefore, Ontario law applies.

We also note that Supreme Court properly conditioned the dismissal on defendants accepting service in Ontario and waiving any Statute of Limitations defense (*see, Martin v Mieth, supra*, at 418). We reject plaintiff's remaining arguments as unpersuasive.

Cardona, P. J., Crew III, Yesawich and Spain, JJ., concur. Ordered that the order is affirmed, with costs.