■ Rose Markov, Respondent, v Ivan Markov, Appellant. [711 NYS2d 847] —Rose, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered July 8, 1998 in Tompkins County, upon a decision of the court.

The parties are citizens of Serbia, formerly Yugoslavia, who were married in June 1980 and later acquired an apartment in that country. They moved to the United States in June 1986 and purchased a marital residence in Tompkins County. Since then, both have been residents of New York.

In September 1995, plaintiff commenced an action in Serbia to determine her ownership interest in the apartment there, and on February 5, 1996 defendant commenced an action for divorce in Serbia. On February 12, 1997, during the pendency of defendant's action, plaintiff commenced this action seeking divorce and equitable distribution of the marital property located in New York. After the Serbian court entered a final divorce decree in March 1997, plaintiff filed an amended complaint in this action acknowledging the foreign divorce and seeking only maintenance and equitable distribution of the New York property. Defendant then moved to dismiss the ac-

---

tion on forum non conveniens grounds. Supreme Court denied defendant's motion in July 1997, and subsequently issued an order and judgment awarding plaintiff maintenance for one year and equitably dividing the parties' New York residence. As limited by his brief, defendant now appeals only Supreme Court's denial of his forum non conveniens motion.

"The doctrine of forum non conveniens permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that 'in the interest of substantial justice the action should be heard in another forum' (CPLR 327)" (*National Bank & Trust Co. v Banco De Vizcaya*, 72 NY2d 1005, 1007). This authority is exercised in the court's discretion after considering various relevant factors including, *inter alia*, the potential hardship on defendant, the unavailability of an alternative forum and whether both parties are New York residents (*see, Islamic Republic v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108; *Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 73). However, unless these factors weigh heavily in the defendant's favor, the plaintiff's choice of forum will not be rejected and the action will not be dismissed under this doctrine (*see, Waterways Ltd. v Barclays Bank*, 174 AD2d 324, 327).

Here, plaintiff has an interest in the marital residence in Tompkins County and there is no dispute that the Serbian court has made no direction as to that property. In addition to the marital residence being located here, the parties' residency in New York provides a substantial nexus to this State (*see, Bourbon v Bourbon*, 259 AD2d 720, 722). Other factors supporting Supreme Court's ruling are that defendant obtained an advanced degree here, plaintiff has not returned to Serbia during the seven years prior to her bringing this action, and it appears that plaintiff was required to utilize the Serbian courts concerning the parties' apartment only because no other country's court order would be recognized or enforceable in Serbia. In light of all these factors, defendant's one countervailing consideration of the convenience of his father as a potential witness was entitled to be given little weight since he asserts only that his father loaned unspecified funds to the parties for the purchase of the Tompkins County marital residence. Thus, Supreme Court did not abuse its discretion in denying defendant's motion.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, without costs.