■ CERTAIN UNDERWRITERS AT LLOYDS, LONDON, Respondent-Appellant, v MILLENNIUM HOLDINGS, LLC, et al., Respondents, and NL INDUSTRIES, INC., Appellant-Respondent. [844 NYS2d 226]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered August 10, 2006, which, in a declaratory judgment action involving plaintiff insurers' obligations to indemnify defendant manufacturers of lead paint or pigment for certain public nuisance claims, insofar as appealed from, denied defendant-appellant's motion pursuant to CPLR 3211 (a) (4) to dismiss the complaint as against it, and granted defendants-respondents' motion pursuant to CPLR 327 and 3211 (a) (4) to dismiss the complaint as against them, unanimously affirmed, without costs.

Concerning appellant, NL Industries, the action has a stronger connection to New York than Texas, where another action, temporally proximate to this one, is pending (see Continental Ins. Co. v Garlock Sealing Tech., LLC, 23 AD3d 287, 288

[2005]). Appellant's policies were issued, negotiated, brokered, executed or paid for in New York at a time when it was headquartered in New York, and New York law has been held to apply to these policies. However, concerning defendants-respondents, we cannot say that the court abused its discretion in concluding that Ohio is an appropriate forum, given that that is where the activity underlying the claims, namely, the manufacture of lead paint, took place, the majority of the subject policies were issued, extensive court files and corporate documents are located, and the parties have been litigating similar issues since the early 1990s (*see Continental Ins. Co. v Polaris Indus. Partners*, 199 AD2d 222, 223 [1993]). We reach this result regardless of whether the Ohio action can be deemed first-commenced, where the Ohio action was commenced reasonably close in time and is more comprehensive (*see id.*). Concur—Mazzarelli, J.P., Marlow, Sullivan, Gonzalez and McGuire, JJ. [*See* 13 Misc 3d 1204(A), 2006 NY Slip Op 51678(U).]