■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA BRISTOL, Appellant. [847 NYS2d 893]—Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered on or about October 12, 2006, unanimously affirmed. No opinion. Order filed. Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.

■ SUZANNE DODSON, Respondent, v JOHN DODSON, Appellant. [846 NYS2d 576]—Judgment, Supreme Court, New York County (Laura Vistacion-Lewis, J.), entered August 17, 2006, which awarded plaintiff the principal sum of $50,000 in interim counsel fees, unanimously affirmed, with costs.

The determination of an application for interim attorney fees in a divorce action is committed to the sound discretion of the trial court (*Matter of Aronesty v Aronesty*, 202 AD2d 240 [1994]). The court providently exercised its discretion in rendering this award, which appropriately redresses the parties' economic disparity, and which is subject to reexamination at trial (*see Jorgensen v Jorgensen*, 86 AD2d 861 [1982]). We have considered the remainder of defendant's argument and find it unavailing. Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.

■ F G II, INC., Appellant, v SAKS INCORPORATED, Respondent. [847 NYS2d 185]—Order, Supreme Court, New York County (Herman Cahn, J.), entered August 18, 2006, which granted defendant's motion to dismiss plaintiff's first amended complaint, unanimously affirmed, with costs.

The IAS court appropriately dismissed the first amended complaint, where plaintiff's claims against defendant were governed by the Vendor Standards Manual which controlled the contractual relationship between the parties and contained a forum selection clause requiring the action to be instituted in Jefferson County, Alabama (*Boss v American Express Fin. Advisors, Inc.*, 15 AD3d 306 [2005], *affd* 6 NY3d 242 [2006]). Defendant did not waive the right to bring the instant motion pursuant to CPLR 327 by failing to raise the issue in its pre-answer motion to dismiss (*see Harp v Malyn*, 166 AD2d 848, 849 [1990]), and defendant's answer also set forth a sufficient recitation of its position to avoid any surprise to plaintiff (CPLR 3018 [b]). Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.