(June 12, 2008)

■ Joelle Nasser, Appellant, v Ezequiel Nasser, Respondent, et al., Defendants. [859 NYS2d 445]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about June 14, 2006, which granted defendant Ezequiel Nasser's motion to dismiss the action on the grounds of forum non conveniens, affirmed, without costs.

Plaintiff and Ezequiel Nasser, Brazilian citizens who entered into a prenuptial agreement adopting Belgian law, were involved in separation proceedings in Brazil. During the pendency of that Brazilian action, Joelle commenced the instant action, seeking, inter alia, enforcement of orders of the Brazilian court with respect to marital assets held or controlled in New York.

Plaintiff's residency here, which is of a temporary nature, "is but one factor to be considered in determining whether an action should be dismissed pursuant to CPLR 327" (*Westwood Assoc. v Deluxe Gen.*, 53 NY2d 618, 619 [1981]). In dismissing, the court properly considered the burden on the New York courts, the potential hardship to defendant Ezequiel, the availability of an alternative forum and the fact that the causes of action, for the most part, arose in Brazil (*see Islamic Republic*

*of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Moreover, litigating the matter here would involve the applicability of foreign law (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 178 [2004]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Nardelli and Williams, JJ.

McGuire, J., concurs in a separate memorandum as follows: Plaintiff Joelle Nasser and defendant Ezequiel Nasser were married in Belgium in 1979. Shortly before the marriage Joelle and Ezequiel entered into a prenuptial agreement in Belgium pursuant to which, among other things, they adopted, with certain modifications, the community property regime of the Belgian Civil Code. Joelle and Ezequiel subsequently moved to and established their marital residence in Brazil and both are citizens of that country.

In December 2003 Ezequiel commenced a matrimonial action against Joelle in the Brazilian courts. The Brazilian courts have issued several orders in that action, including orders regarding the custody of Joelle and Ezequiel's daughter and awarding Joelle temporary maintenance. Another order was issued by a Brazilian court concerning the marital assets, the effect of which is sharply disputed by Joelle and Ezequiel. Joelle contends that this order restrained Ezequiel from selling, transferring, encumbering or otherwise disposing of marital assets in his possession or control; Ezequiel maintains that the order merely required the parties to inventory the assets in their possession and made them the trustees of the assets in their respective control.

In July 2004 Joelle commenced this action in Supreme Court, New York County, asserting numerous causes of action against Ezequiel,* claiming that, through fraud, breach of fiduciary duty, conversion and trespass, he is concealing, selling, transferring and wasting marital assets located in New York. According to her complaint, Joelle commenced the action, which seeks both damages and permanent injunctive relief, "to assist her in enforcing orders and decrees of the Brazilian Court[s] in . . . New York with respect to . . . [a]ssets [located in New York]." Similarly, Joelle's brief states that the action was brought "to identify, restrain and account for the assets in which she has a present property interest but which are held or controlled by Ezequiel." Ezequiel moved to dismiss the action for lack of

---

* Joelle also commenced this action against Raymond and Daniel Nasser, Joelle and Ezequiel's sons. Raymond never appeared in the action and the action was dismissed as to Daniel by stipulation.

personal jurisdiction or, alternatively, under the doctrine of forum non conveniens. After Ezequiel withdrew that aspect of his motion challenging personal jurisdiction, Supreme Court granted that aspect of the motion seeking dismissal on the ground of forum non conveniens, and this appeal by Joelle ensued.

"When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just" (CPLR 327 [a]). "The doctrine [of forum non conveniens] rests, in large part, on considerations of public policy and . . . our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York" (*Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972] [internal quotation marks and citation omitted]).

Supreme Court providently exercised its discretion in dismissing this action. Joelle's action is an adjunct of the matrimonial action pending in Brazil and is premised upon orders and decrees of Brazilian courts. As is evident from the proceedings before Supreme Court and the briefs before this Court, the parties do not agree upon the meaning and effect of one such order regarding the parties' assets. The appropriate forum in which to resolve that dispute is Brazil since one of its courts issued that order. Without question, a suitable alternative forum is available to Joelle (*see Morley v Morley*, 191 AD2d 372 [1993]; *see also IFS Intl. v SLM Software*, 224 AD2d 810 [1996]). Additionally, requiring the parties to litigate in the context of the Brazilian action the claims asserted by Joelle in her New York action avoids the possibility that the Brazilian and New York courts will issue inconsistent findings (*see World Point Trading PTE. v Credito Italiano*, 225 AD2d 153 [1996]). While Joelle correctly notes that Supreme Court and the parties have spent considerable time and effort on her action, the lion's share of that time and effort was dedicated to the issue of whether Supreme Court had personal jurisdiction over Ezequiel. Conversely, the Brazilian courts have been addressing substantive issues (e.g., custody of the parties' daughter and maintenance) between the parties in the matrimonial action for several years and that action is more comprehensive than Joelle's New York action (*see Certain Underwriters at Lloyds, London v Millennium Holdings, LLC*, 44 AD3d 536 [2007]).

Lastly, I note that dismissal of Joelle's action on the ground of forum non conveniens will not deprive Joelle of access to our

courts for the purpose of seeking disclosure (*see* CPLR 3102 [e]; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:9; Siegel, NY Prac § 352 [4th ed]) or enforcing a judgment of the Brazilian courts (*see* CPLR art 53; *Downs v Yuen*, 298 AD2d 177 [2002]; Siegel, NY Prac § 472 [4th ed]).