JAMES J. GOZZO et al., Appellants, v FIRST AMERICAN TITLE INSURANCE COMPANY, Respondent. [905 NYS2d 702]—

Malone Jr., J. Appeal from that part of an order of the Supreme Court (Connolly, J.), entered February 9, 2009 in Albany County, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens.

In 1998, plaintiffs purchased property in Stockbridge, Massachusetts, for which they purchased a policy of title insurance from defendant, a California corporation doing business in Massachusetts. When plaintiffs contracted to sell the property in 2006, the prospective buyers claimed that title to the property was unmarketable and refused to proceed with the sale. Plaintiffs ultimately sold the property at a lower price to another buyer. Thereafter, plaintiffs, now residents of New York, commenced this action against defendant in Supreme Court, Albany County, seeking indemnification and damages for their losses, alleging that defendant was negligent with respect to the title search and in its advice to them regarding title issues, and also asserting a claim for unfair settlement practices.

Prior to serving its answer, defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR

3211 (a) (8) or, in the alternative, on the basis of forum non conveniens pursuant to CPLR 327 (a). Plaintiffs opposed the motion and, among other things, cross-moved for summary judgment in their favor. Supreme Court denied that part of defendant's motion based on personal jurisdiction, granted that part based on forum non conveniens, and denied plaintiffs' cross motion as academic. Plaintiffs appeal solely from that part of the order as granted defendant's motion to dismiss on the basis of forum non conveniens.

A court may dismiss an action based on the doctrine of forum non conveniens if it "determines that 'in the interest of substantial justice the action should be heard in another forum' " (*National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007 [1988], *cert denied* 489 US 1067 [1989], quoting CPLR 327). The application of this flexible doctrine is discretionary and requires the balancing of relevant factors such as the availability of an alternative forum, the potential hardship to the defendant, the parties' residency, the jurisdiction in which the cause of action arose and the burden on New York courts in entertaining the action (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]; *Allen v Marais, S.A.*, 307 AD2d 613, 614 [2003]; *3H Enters. v Bennett*, 276 AD2d 965, 966 [2000], *lv denied* 96 NY2d 710 [2001]; *Markov v Markov*, 274 AD2d 870, 871 [2000]). A plaintiff's choice of forum may be denied only if the relevant factors weigh heavily in the defendant's favor; no one single factor is determinative (*see Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 68 [1984]; *Hudson Ins. Co. v Oppenheim*, 35 AD3d 168, 168-169 [2006]; *Markov v Markov*, 274 AD2d at 871).

Here, counsel for plaintiffs conceded at oral argument on this appeal that the sole connection between this state and the litigation is that plaintiffs currently reside in New York. However, a party's New York residency does not preclude dismissal, particularly where, as here, there is no substantial nexus between this state and the cause of action (*see* CPLR 327 [a]; *Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972]; *3H Enters. v Bennett*, 276 AD2d at 966-967; *compare Blais v Deyo*, 92 AD2d 998, 999 [1983], *affd* 60 NY2d 679 [1983]; *Blais v Deyo*, 97 AD2d 613, 613 [1983], *with Nevader v Deyo*, 111 AD2d 548, 549-551 [1985]). Moreover, Supreme Court balanced the relevant factors and concluded that Massachusetts was the proper forum in which to resolve this dispute, which involves a title policy that was issued in Massachusetts for real property located there, where the potential witnesses—with the exception of plaintiffs—

are located in Massachusetts, and where Massachusetts was the "center of gravity" of the underlying transaction, making Massachusetts' law applicable to the dispute. We are not persuaded in these particular circumstances by plaintiffs' argument that we should consider the likelihood that a trial will be avoided if the matter proceeds in New York, thereby diminishing any potential burden on defendants. Accordingly, we cannot conclude that Supreme Court abused its discretion in dismissing the complaint on the basis of forum non conveniens.

Finally, plaintiffs specifically limited their notice of appeal and did not appeal from that part of Supreme Court's order that denied their cross motion for summary judgment. Consequently, they may not now argue that the cross motion should have been granted. Nor will we speculate as to whether, in the future, plaintiffs might be entitled to summary judgment on their claim that defendant breached its obligations under the title insurance policy.

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.