**10-2285-cv**
**Emslie et al. v. Borg-Warner Auto**

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2010

(Argued: April 12, 2011                                Decided: August 25, 2011)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JAMES EMSLIE and LISA ANN EMSLIE,
     *Plaintiffs-Appellants*,

v.                                                Docket No. 10-2285-cv

BORG-WARNER AUTOMOTIVE, INC. and
RECREATIVE INDUSTRIES, INC.,
     *Defendants - Appellees*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: JACOBS, Chief Judge, LEVAL, AND KATZMANN, *Circuit Judges*.

     Plaintiffs James and Lisa Ann Emslie appeal from the judgment of the United States District Court for the Western District of New York (Curtin, *J.*), which granted summary judgment to Defendant Borg-Warner Automotive, Inc. and dismissed the suit against Defendant Recreative Industries, Inc. on the basis of *forum non conveniens*.  Affirmed.

                      THOMAS E. STILES, Brooklyn, New York
                      (Joseph C. Blanks, Woodville, Texas, on the brief),
                          for *Plaintiffs-Appellants*

COLIN D. RAMSEY, Underberg & Kessler LLP, Buffalo, New York, for *Defendant -Appellee* Recreative Industries,

SUZANNE O. GALBATO, Bond, Schoeneck, & King, PLLC, Syracuse, New York (Suzanne M. Messer, Bond, Schoeneck, & King, PLLC, Syracuse, New York, on the brief), for *Defendant –Appellee* Borg-Warner.

LEVAL, *Circuit Judge*:

Plaintiffs James and Lisa Ann Emslie appeal from dismissal of their case in the United States District Court for the Western District of New York (Curtin, *J*.). The court granted summary judgment in favor of the defendant Borg-Warner Automotive, Inc., and dismissed the suit as against defendant Recreative Industries, Inc. on the basis of *forum non conveniens*. The suit alleged that plaintiffs suffered injury caused by a defectively designed transmission of an all-terrain vehicle ("ATV") manufactured by the defendant Recreative on the basis of a design originally created by the defendant Borg-Warner. We find neither error nor abuse of discretion in the district court's rulings. We affirm.

**BACKGROUND**

James Emslie was severely injured in England in 2005 while riding as a passenger in an ATV, which overturned. The Emslies presented evidence that the accident was caused at least in part by a flaw in the ATV's transmission, which caused it to jump out of gear. The ATV was manufactured by the defendant Recreative and sold in 2001. The transmission was

manufactured by Skid Steer, a subsidiary of Recreative.[1]  In 1975, twenty-six years prior to the manufacture and sale of this transmission, Recreative had purchased all rights to the transmission design from Borg-Warner, which thereupon ceased production.  Borg-Warner had no subsequent involvement of any kind in Recreative's manufacture of its transmissions.[2]

**DISCUSSION**

The plaintiffs brought this case in federal court by virtue of diversity of jurisdiction, 28 U.S.C. § 1332.  The plaintiffs are residents and citizens of Scotland.  Borg-Warner and Recreative are, respectively, Delaware and New York corporations.

**I. Grant of Summary Judgment on Claim Against Borg-Warner**

We review the district court's grant of summary judgment *de novo*.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  To justify summary judgment, the moving party must show entitlement to judgment as a matter of law and the absence of any issue of material fact.  Fed. R. Civ. P. 56(a); *ReliaStar Life Ins. Co. of New York v. Home Depot U.S.A., Inc.*, 570 F.3d 513, 517 (2d Cir. 2009) (per curiam).

Plaintiff's claim against Borg-Warner, premised on the theory of strict liability, asserts that the gear of the ATV was defectively designed by Borg-Warner.  On a claim of defective design under New York law, the plaintiff must show that the defendant placed in the stream of

---

[1] Through the opinion, we use "Recreative" to signify the parent and/or the subsidiary without distinction.

[2] In the twenty-six year period since its purchase of the design, Recreative made modifications to the transmission's bearings, washers, gears, and shifting mechanism.  The record on the motion for summary judgment, however, does not conclusively reveal whether any of Recreative's changes affected the alleged malfunction.

commerce a product "designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury." *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107 (1983); *see also Sage v. Fairchild-Swearingen Corp.*, 70 N.Y.2d 579, 586 (1987) (The design must render the product "unreasonably dangerous for its intended use."). "The determination of whether a product is defectively designed requires a balancing of the likelihood of harm against the burden of taking a precaution against the harm." *Id.* at 586. The doctrine seeks to incentivize safety-motivated improvements to design by placing liability for unreasonably unsafe design on those well placed to "discover the defect[s] and correct [them] to avoid injury to the public." *Id.* at 587.

In granting summary judgment to Borg-Warner, the district court reasoned as follows:

> Since December 1975, Borg Warner has not designed, manufactured, sold, assembled, tested, or supplied the T20 transmission. It is undisputed that Borg Warner had no control over or involvement with the transmission on the vehicle at issue . . . . Borg Warner is not in a position to discover and correct defects in the design of the T20 transmission, as it has been out of the transmission business for over 30 years.

*Emslie v. Recreative Industries, Inc.*, No. 08-CV-423-JTC, 2010 WL 1840311 at *4 (W.D.N.Y. May 7, 2010). The court concluded that Borg-Warner should not be viewed as having placed the transmission "into the stream of commerce." *Id.* at *4; *see also Blackburn v. Johnson Chemical Co.*, 490 N.Y.S.2d 452, 454 (Sup. Ct. 1985) ("Imposition of liability irrespective of fault, upon parties involved in placing a product in the stream of commerce in favor of the user of the product, is based on the principle that the party in the best position to have eliminated the danger must respond in damages.").

4

Relying on the ruling of the New York Court of Appeals in *Sage*, the plaintiffs argue that we should overturn the district court's ruling. In *Sage*, the defendant was the manufacturer and designer of a defectively designed equipment part, which created an unreasonable risk of injury. The plaintiff suffered injury from a replacement part fabricated and installed by the owner of the equipment in conformity with the manufacturer's original design. The original manufacturer was held liable for the design defect, notwithstanding that the replacement part that caused the injury was fabricated by the owner and not by the original designer and manufacturer.

*Sage*, however, does not help the plaintiffs. The theory of the ruling in *Sage* was that the original manufacturer, whose design was used for the fabrication of the replacement part that caused the injury, "was the logical party in a position to discover the defect [of the design] and correct it to avoid injury to the public." *Sage*, 70 N.Y.2d at 587. The *Sage* court's reasoning has no application to these facts.

Borg-Warner had sold all rights to the design at issue twenty-six years before manufacture of the machine that caused plaintiffs' injuries. For twenty-six years, Borg-Warner had no ability to learn from experience whether its design was causing injuries, no ability to conduct safety tests, and no possibility of improving the design to diminish the risk of harm. Imposing strict liability on Borg-Warner in these circumstances would not reasonably serve the central rationale for strict liability.[3]

We affirm the district court's grant of summary judgment.

---

[3] We do not mean to imply that the mere transfer of the design from Borg-Warner to Recreative eliminated Borg-Warner's liability. We express no view whether liability for the design defect would fall on Borg-Warner if only a short time had passed following its sale to Recreative. We also do not address whether Borg-Warner would be liable if, prior to its sale to Recreative, it had already placed the transmissions into the stream of commerce with awareness of its unreasonable design defect. The considerations that support the imposition of strict liability are highly fact specific.

**II. Grant of Forum Non Conveniens With Respect to Recreative**

Plaintiffs contest the dismissal of their claim against Recreative under the doctrine of *forum non conveniens*. We review such a dismissal for abuse of discretion. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). We note that the plaintiffs are residents and citizens of Scotland, the accident occurred in England, the ATV remains in England, both nonparty witnesses to the accident are British citizens residing in England, and Recreative is subject to suit in the British courts. The only party not subject to suit in British courts is Borg-Warner, which is no longer part of the case, having won summary judgment. In view of these facts, we conclude that there was no abuse of discretion in the district court's thorough opinion.

## CONCLUSION

We have considered all of plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.