# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**139**

**CA 12-01246**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

JAMES EMSLIE AND LISA ANN EMSLIE,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

                V                               MEMORANDUM AND ORDER

RECREATIVE INDUSTRIES, INC.,
DEFENDANT-APPELLANT-RESPONDENT,
ET AL., DEFENDANT.

---

UNDERBERG & KESSLER LLP, BUFFALO (COLIN D. RAMSEY OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

THOMAS E. STILES, BROOKLYN, FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Paula L. Feroleto, J.), entered April 5, 2012. The order
conditionally stayed the action.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating condition number three and
as modified the order is affirmed without costs.

Memorandum: This action arises from an incident in which
plaintiff James Emslie, a British citizen residing in Scotland,
allegedly sustained serious physical injuries in England while he was
a passenger on an all-terrain vehicle (ATV) manufactured by defendant
Recreative Industries, Inc. (RII), a New York entity. RII moved to
dismiss the action pursuant to CPLR 327 based on the doctrine of forum
non conveniens, contending that England is the more convenient forum.
Supreme Court granted the motion to the extent that it stayed the
action in Erie County on the conditions that RII agreed to waive the
right to raise the defenses of lack of jurisdiction and the statute of
limitations in an action to be commenced by plaintiffs in Scotland or
England within 90 days of service of the court's order or, in the
event of an appeal thereof, within 90 days of service of an order of
the Appellate Division. The court further imposed the condition that
RII agreed to waive the right to seek any attorney's fees or costs in
the action to be commenced in Scotland or England. RII appeals and
plaintiffs cross-appeal.

Contrary to plaintiffs' contention on their cross appeal, the
court properly conditionally stayed this action on the ground of forum
non conveniens. As a preliminary matter, we reject plaintiffs'
contention that the "Governing Law and Jurisdiction" provision in the

operator's manual of the ATV contractually binds RII to submit to the jurisdiction of the court in Erie County or otherwise estops RII from seeking to dismiss the complaint based upon the ground of forum non conveniens.  That provision expressly provides that the "parties" consent to jurisdiction in Erie County, and it is undisputed that the term "parties" refers to the owner of the ATV and RII.  It is also undisputed that neither plaintiff was the owner of the ATV, and we thus conclude as a matter of law that the provision in question does not apply herein (*see generally Tigue v Commercial Life Ins. Co.*, 219 AD2d 820, 821).

We further conclude that the court properly determined that "the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108).  Plaintiffs are both British citizens residing in Scotland.  The accident occurred in England, and other witnesses, including the driver of the ATV, are located there.  As the trial court in the federal action between the same parties noted, "highly material evidence, such as the eyewitness testimony, accident investigation documents and witnesses, the scene of the accident, and the vehicle itself, which will not be readily within plaintiffs' control in this court, would be more accessible to both sides in a British forum" (*Emslie v Recreative Indus., Inc.*, 2010 WL 1840311, at *9 [WD NY], *affd* 655 F3d 123).  Moreover, RII is amenable to service of process in Scotland or England, and it does not take issue with the conditions imposed by the court concerning the waiver of defenses based on jurisdiction and the statute of limitations.

Plaintiffs nevertheless contend that neither Scotland nor England is an adequate alternative forum because those jurisdictions would not permit them to retain counsel on a contingency fee basis, would hinder their right to a jury trial, which would have been guaranteed in Erie County, and would not recognize plaintiff wife's cause of action for loss of consortium.  Although various courts have considered the burden imposed on plaintiffs with respect to the first two factors (*see e.g. Waterways Ltd. v Barclays Bank PLC*, 174 AD2d 324, 328; *Gyenes v Zionist Org. of Am.*, 169 AD2d 451, 452), we conclude under the circumstances of this case that those factors do not warrant reversal.  With respect to the third factor, we note that the record contains submissions from plaintiffs and RII establishing that, although plaintiff wife could not pursue a cause of action for loss of consortium in Scotland or England, plaintiff husband would be permitted to recover compensation for the services she provided for him in tending to his injuries.  Courts have concluded under similar circumstances that a foreign forum is adequate despite the fact that it does not recognize such a cause of action (*see e.g. Massaquoi v Virgin Atl. Airways*, 945 F Supp 58, 61 [SD NY]; *Bell v British Telecom*, 1995 WL 476684, at *2 [SD NY]; *see also Bewers v American Home Prods. Corp.*, 99 AD2d 949, 949-950, *affd* 64 NY2d 630).  We likewise reach that conclusion here, particularly in light of the well-established principle set forth by the United States Supreme Court that the possibility of a change in substantive law, even one that would be less favorable to plaintiffs, "should ordinarily not be

given conclusive or even substantial weight" in the scope of a forum non conveniens inquiry (*Piper Aircraft Co. v Reyno*, 454 US 235, 247, *reh denied* 455 US 928).

To the extent that plaintiffs contend for the first time on their cross appeal that they are entitled to the imposition of additional conditions upon the stay, that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Turning to RII's appeal, we conclude that the court erred in imposing the condition that RII may not seek attorney's fees or costs in an action brought by plaintiffs in Scotland or England.  We therefore modify the order accordingly.  Pursuant to CPLR 327 (a), courts are empowered to "stay or dismiss the action in whole or in part on any conditions that may be just."  Indeed, in granting motions under CPLR 327, courts often impose conditions requiring the defendants to waive the right to assert a defense based upon lack of jurisdiction and/or the statute of limitations (*see e.g. Mensah v Moxley*, 235 AD2d 910, 912; *Dawson v Seenardine*, 232 AD2d 521, 521; *Dales v Tiessen*, 231 AD2d 920, 920-921).  In this case, however, we conclude that the court abused its discretion by infringing on RII's substantive right to collect attorney's fees and costs if it were to prevail in a "loser pays" jurisdiction such as Scotland or England.

Entered:  April 26, 2013                     Frances E. Cafarell
                                             Clerk of the Court