Claude v Autobus Fleur De Lys, Inc. (2018 NY Slip Op 07386)





Claude v Autobus Fleur De Lys, Inc.


2018 NY Slip Op 07386


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526135

[*1]JACINTHE CLAUDE et al., Appellants,
v
AUTOBUS FLEUR DE LYS, INC., et al., Respondents, et al., Defendants.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Weller, Green, Toups & Terrell, LLP, Beaumont, Texas (Mitchell A. Toups of counsel) and Whatley Kallas, New York City (Joe R. Whatley Jr. of counsel) and Paul Webb, PC, Wharton, Texas (Vincent Lee Marable III admitted pro hac vice), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York City (Patrick L. Lawless of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered June 5, 2017 in Essex County, which granted certain defendants' motion to dismiss the complaint against them.
In July 2014, a motor coach bus carrying 56 individuals was traveling southbound on Interstate 87 in the Town of North Hudson, Essex County — heading from Quebec, Canada to New York City on a sightseeing expedition — when it struck a guardrail, careened down an embankment and rolled over, ultimately landing on its side. Numerous passengers were injured, and one teenager, Chelssy Mercier, died at the scene. In July 2016, Mercier's estate, as well as her family members, all of whom are Canadian residents, commenced this action against defendants, all Canadian residents or Canadian corporations, alleging negligence and negligent hiring and supervision. Plaintiffs alleged that the accident occurred because defendant Rejean Perron, the operator of the bus, fell asleep. Perron was an employee of defendant Autobus Fleur de Lys, Inc., which leased the bus from defendant 9282-9621 Quebec, Inc. Defendant George Morissette was the owner and president of Autobus Fleur and 9282-9621 Quebec. In December 2015, following joinder of issue, Autobus Fleur, 9282-9621 Quebec, Morissette and Perron (hereinafter collectively referred to as defendants) moved for, among other things, dismissal of the complaint pursuant to CPLR 327 on the ground of forum non conveniens. Supreme Court granted their motion, and plaintiffs appeal.
A court may stay or dismiss an action where it finds, in the "interest of substantial justice," that the action "should be heard in another forum" (CPLR 327 [a]; see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]; Gozzo v First Am. Tit. Ins. Co., 75 AD3d 953, 954 [2010]). The application of this doctrine is discretionary [*2]and requires the balancing of several factors to ensure that a plaintiff's claims have "a substantial nexus with New York" (Martin v Mieth, 35 NY2d 414, 418 [1974]; see Wild v University of Pa., 115 AD3d 944, 945-946 [2014]; Islamic Republic of Iran v Pahlavi, 62 NY2d at 478-479). "No one factor is controlling" (Islamic Republic of Iran v Pahlavi, 62 NY2d at 479 [citations omitted]; see Gozzo v First Am. Tit. Ins. Co., 75 AD3d at 954).
Within this broad context, we begin our analysis with the concept that "[t]he applicability of foreign law is an important consideration in determining a forum non conveniens motion" (Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 178 [2004]; see Mensah v Moxley, 235 AD2d 910, 911-912 [1997]; IFS Intl. v SLM Software, 224 AD2d 810, 810 [1996]). In this regard, all of the parties are domiciles of Quebec and, under the first rule enunciated in Neumeier v Kuehner (31 NY2d 121, 128 [1972]), although the accident occurred in New York, the law of Canada must be applied, in particular to loss allocation (see Edwards v Erie Coach Lines Co., 17 NY3d 306, 321, 329 [2011]; Mensah v Moxley, 235 AD2d at 911-12; see also Jean v Francois, 168 Misc 2d 48, 51 [Sup Ct, Rockland County 1996]; Myers v Langlois, 168 Vt 432, 437-438 [1998]). This conclusion is significant because Quebec's loss allocation rules relating to automobile accidents as defined in the Quebec Automobile Insurance Act (hereinafter AIA) deeply conflict with New York law. In particular, AIA institutes a comprehensive no-fault compensation regime that provides compensation and expressly prohibits actions in a "court of justice" (Automobile Insurance Act, RSQ, ch A-25, § 83.57 [1997] [Can]). Instead, compensation is determined and furnished through a nationalized governmental entity (see Automobile Insurance Act, RSQ, ch A-25, § 5 [1997] [Can]). Therefore, because Quebec law applies here, not only are plaintiffs prohibited from bringing an action for noneconomic loss, but Supreme Court would be required to interpret and apply the concepts that govern no-fault compensation under the AIA (see Automobile Insurance Act, RSQ, ch A-25, § 83.57 [1997] [Can]; Edwards v Erie Coach Lines Co., 17 NY3d at 329-330; Mensah v Moxley, 235 AD2d at 911-912). There is no doubt this would unduly burden the New York court (see Gozzo v First American Tit. Ins. Co., 75 AD3d at 954), with no attendant benefit to the Canadian plaintiffs, and, when considered with the remaining factors as examined by Supreme Court, we cannot say that the court abused its discretion in dismissing plaintiffs' action on forum non conveniens grounds (see id.; Harp v Malyn, 166 AD2d 848, 850 [1990]). Finally, to the extent that the Canadian statute of limitations or jurisdiction is at issue, Supreme Court expressly and properly conditioned its dismissal upon defendants' waiver of such defenses (see Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d 938, 940 [2013], affd 23 NY3d 1012 [2014]).
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.